■ In the Matter of MENSUR SABOVIC, Appellant, v STATE OF NEW YORK, Respondent. [645 NYS2d 860] —In a proceeding for leave to file a late notice of intention to file a claim pursuant to Court of Claims Act § 10 (6), the claimant appeals from an order of the Court of Claims (Silverman, J.), entered June 12, 1995, which denied the application.

Ordered that the order is affirmed, with costs.

In April 1995 the claimant moved for leave to serve a late notice of intention to file a claim against the State for personal injuries arising from an accident which occurred in February 1994, when a wall collapsed during the razing of a building at Pilgrim State Psychiatric Center. The claimant sought to recover damages for personal injuries based on negligence and violations of Labor Law §§ 200, 240, and 241.

The Court of Claims properly denied the claimant's motion for leave to serve a late notice of intention to file a claim as the claim does not "appear" to be meritorious (Court of Claims Act § 10 [6]). The claimant's allegations that the State failed to supervise and inspect the work being performed, without some

proof that the State exercised some control or supervision over the work, is insufficient to state a claim for common law negligence or pursuant to Labor Law § 200 *(see, Grant v Rochester Gas & Elec. Corp.,* 20 AD2d 48). Moreover, contrary to the claimant's contention, the wall which collapsed was at the same level as the work site and is not considered a falling object for purposes of Labor Law § 240 (1) pertaining to risks created by differences in elevation *(see, Misseritti v Mark IV Constr. Co.,* 209 AD2d 931). In addition, absent any allegation of a violation of the implementing regulations (12 NYCRR part 23), the claimant failed to establish a prima facie case for finding liability under Labor Law § 241 *(cf., Brogan v International Bus. Machs. Corp.,* 157 AD2d 76).

We have reviewed the claimant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Pizzuto and Hart, JJ., concur.