■ DOMINICK MAGGI et al., Respondents, v INNOVAX METHODS GROUP CO., INC., et al., Appellants, et al., Defendants. (And a Third-Party Action.) [672 NYS2d 404] —In an action to recover damages for personal injuries, etc., the defendants Innovax Methods Group Co., Inc., and Pillar Construction, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Garson J.), dated September 22, 1997, as denied their motion for summary judgment dismissing the complaint, and granted the plaintiffs' cross motion for summary judgment on the cause of action under Labor Law § 240 (1), and for leave to amend their bill of particulars. The defendants Zollo Concrete Corp. and Lazzinero Construction Corp. separately appeal from so much of the same order as denied those branches of their respective motions which were for summary judgment dismissing the plaintiffs' cause of action to recover damages for common-law negligence insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motion of the defendants Innovax Methods Group Co., Inc., and Pillar Construction, Inc., for summary judgment dismissing the complaint insofar as asserted against them is granted, the plaintiffs' cross motion is denied, those branches of the respective motions of the defendants Zollo Concrete Corp. and Lazzi-

nero Construction Corp. which were for summary judgment dismissing the plaintiffs' cause of action to recover damages based on common-law negligence insofar as asserted against them are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff Dominick Maggi was injured when he slipped on sand and fell on a ramp at a construction site on the roof of a building after having been directed to clean up a water leak in certain business offices located inside the building. The injured plaintiff, who was employed by the third-party defendant Tishman Construction Company (hereinafter Tishman), and his wife, commenced this action against, *inter alia,* one of the general contractors, Innovax Methods Group Co., Inc. (hereinafter Innovax), its project manager, Pillar Construction, Inc. (hereinafter Pillar), and their subcontractors, Zollo Concrete Corp. and Lazzinero Construction Corp. (hereinafter Zollo and Lazzinero, respectively), to recover damages under the Labor Law and based on common-law negligence.

The plaintiffs' contention that Innovax and Pillar are strictly liable for Dominick Maggi's injury pursuant to Labor Law § 240 (1) is without merit. Labor Law § 240 (1) imposes a nondelegable duty and absolute liability upon owners or contractors for failing to provide safety devices necessary for the protection of workers subject to the risks inherent in elevated work sites who sustain injuries proximately caused by that failure (*Jock v Fien,* 80 NY2d 965). Labor Law § 240 (1) is directed at elevation-related hazards only, and recovery under the statute is unavailable where the injury results from other types of hazards "even if proximately caused by the absence of an adequate scaffold or other required safety device" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 500). Accordingly, since Dominick Maggi's injuries were not the result of an elevation-related risk, the court should have granted that branch of the motion of Innovax and Pillar which was for summary judgment dismissing the plaintiffs' cause of action under Labor Law § 240 (1) and denied the plaintiffs' cross motion for summary judgment on that cause of action.

The Supreme Court further erred in denying the motion of Innovax and Pillar for summary judgment on the plaintiffs' remaining causes of action asserted against them and in denying those branches of the respective motions of Zollo and Lazzinero which were for summary judgment on the plaintiffs' common-law negligence causes of action.

As to the common-law causes of action based on negligence,

the appellants met their threshold burden of proof by relying on the deposition testimony of the various parties which established a prima facie case that the appellants did not create or have actual or constructive notice of the alleged defective condition. The plaintiffs, in opposing the motions, failed to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim" (*Zuckerman v City of New York,* 49 NY2d 557, 562). Despite the fact that there was testimony that there was sand on the roof and that Zollo and Lazzinero workers were using the sand, there was no evidence adduced that connected any of the appellants or their employees with the sand on the ramp (*see, e.g., Russel v Meat Farms,* 160 AD2d 987).

It is well settled that absent a showing of evidentiary facts that the appellants created the dangerous condition or had actual notice of it, and absent a showing of evidentiary facts from which a jury might infer constructive notice from the amount of time that the dangerous condition existed, the complaint must be dismissed (*see, Kaufman v Man-Dell Food Stores,* 203 AD2d 532). Indeed, the facts as alleged by the plaintiffs "would require a trier of fact to speculate as to which of the [appellants] had caused his injuries" (*Camillery v Halfmann,* 184 AD2d 488, 489). Accordingly, summary judgment should have been granted to the appellants.

To the extent that the plaintiffs have asserted any Labor Law cause of action based on negligence against Innovax and Pillar, it should be dismissed as well. Absent actual or constructive notice of the defective condition, there can be no liability pursuant to Labor Law § 200 (1) for failure to provide a safe place to work (*see, Mantovi v Nico Constr. Co.,* 217 AD2d 650).

The injured plaintiff took direction only from Tishman and at the time of the injury he was performing a job for Tishman that in no way involved the work of Innovax or Pillar. Since Innovax and Pillar never delegated to the injured plaintiff the work in which he was engaged at the time of his injury, the cause of action under Labor Law § 241 (6) should have been dismissed (*see, Russin v Picciano & Son,* 54 NY2d 311).

The parties' remaining contentions are either academic in light of our determination or without merit. Bracken, J. P., Copertino, Pizzuto and Altman, JJ., concur.