RONNIE L. TERRY et al., Appellants-Respondents, v MUTUAL LIFE INSURANCE COMPANY OF NEW YORK et al., Respondents-Appellants. [695 NYS2d 808] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiffs' motion for partial summary judgment on liability on the Labor Law § 240 claim and granted that part of defendants' cross motion seeking summary judgment dismissing that claim. Ronnie L. Terry (plaintiff) was injured while working on a garage demolition project when a piece of the wall near where he was working fell on him as a result of vibrations from a Trac-Hoe. Because the base of the wall was at the same elevation as plaintiff's worksite, the Labor Law § 240 (1) claim was properly dismissed (*see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, *rearg denied* 87 NY2d 969; *Zdzinski v North Star Constr.,* 242 AD2d 951, *lv denied* 91 NY2d 804; *Matter of Sabovic v State of New York,* 229 AD2d 586). Additionally, we note that plaintiffs failed to show that any work was being performed at the top of the wall from which the piece of concrete allegedly fell or that plaintiff observed loose pieces of concrete on top of the wall to support the Labor Law § 240 (1) claim (*see, Krencik v Towne Red Hots,* 171 AD2d 1033).

The court also properly denied that part of defendants' cross motion seeking dismissal of the Labor Law § 241 (6) claim. Plaintiffs alleged that defendants violated 12 NYCRR 23-1.7 (a), 23-3.3 and 23-3.4 (b). Those sections set forth applicable "concrete specifications" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505) regarding the protection to be provided workers from falling debris (*see generally, Murtha v Integral Constr. Corp.,* 253 AD2d 637, 639; *Gawel v Consolidated Edison Co.,* 237 AD2d 138; *Klien v County of Monroe,* 219 AD2d 846, *lv denied* 87 NY2d 804). (Appeals from Order of Supreme Court, Onondaga County, Elliott, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.