■ ROBERT ROSENBERG et al., Respondents, v BEN KRUPINSKI GENERAL CONTRACTORS, INC., Appellant, et al., Defendant. [727 NYS2d 460] —In an action to recover damages for personal injuries, etc., the defendant Ben Krupinski General Contractors, Inc., appeals from so much of an order of the Supreme Court, Suffolk County (Underwood, J.), dated November 13, 2000, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing so much of the complaint as seeks to recover damages under Labor Law § 200 insofar as asserted against the appellant, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In 1993 John Hearst and Barbara Hearst hired the defendant Ben Krupinski General Contractors, Inc. (hereinafter Krupinski) as the general contractor for the construction of their new home. The Hearsts moved into the premises in the summer of 1995. At that time, work was still being performed by an alarm company and a specialty painter, both of which were hired by the Hearsts, as well as the painting subcontrac-

tor hired by Krupinski, the defendant Dave Mims Fifth Generation Painting Contractors (hereinafter Mims).

The plaintiff Robert Rosenberg, an employee of the alarm company, allegedly was injured when he tripped and fell over a piece of cardboard on the floor of one of the rooms or a passageway on the first floor of the house. He and his wife commenced this action, *inter alia*, under Labor Law §§ 200 and 241 (6), against Krupinski and Mims. The Supreme Court granted summary judgment to Mims, but denied Krupinski's motion for similar relief.

The Supreme Court improperly denied that branch of Krupinski's motion which was for summary judgment dismissing the plaintiffs' Labor Law § 200 cause of action insofar as asserted against him. An implicit precondition to the duty to provide construction site workers with a safe place to work is that the party charged with such responsibility have the authority to control the activity bringing about the injury (*see, Russin v Picciano & Son,* 54 NY2d 311). Here, Krupinski, as general contractor, established that it had no authority to control that activity, as the parties involved were hired directly by the Hearsts and not by it (*see, Russin v Picciano & Son, supra*). In opposition to Krupinski's motion, the plaintiffs failed to raise a triable issue of fact as to Krupinski's authority.

The Supreme Court, however, properly denied that branch of Krupinski's motion which was for summary judgment on the plaintiffs' Labor Law § 241 (6) cause of action. There is an issue of fact as to whether Rosenberg was injured in a passageway and thus as to whether 12 NYCRR 23-1.7 (e) (1) was violated (*cf., Conway v Beth Israel Med. Ctr.,* 262 AD2d 345). There is also an issue of fact as to whether the accident occurred in a work area, and whether 12 NYCRR 23-1.7 (e) (2) was violated (*cf., Conway v Beth Israel Med. Ctr., supra*). If it is determined at trial that there was a violation of one of these specific regulations, Labor Law § 241 (6) imposes absolute liability upon a general contractor irrespective of its control or supervision of the construction site (*see, Rizzuto v Wenger Constr. Co.,* 91 NY2d 343). Whether the construction project was ongoing at the time of the accident, and thus whether Krupinski was still the general contractor at the time of the accident, is also an issue of fact. Altman, J. P., Friedmann, Smith and Adams, JJ., concur.