■ ARTHUR KERINS, Appellant, v VASSAR COLLEGE, Appellant, KIRCHHOFF CONSTRUCTION MANAGEMENT, INC., Respondent, et al., Defendant. [740 NYS2d 400] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated May 9, 2001, as granted that branch of the motion of the defendant Kirchhoff Construction Management, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Vassar College separately appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of Kirchhoff Construction Management, Inc., which was to dismiss the cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint and all cross claims are reinstated insofar as asserted against the respondent.

The plaintiff's employer, Swiss Electric Enterprises, Inc., had a contract with Vassar College (hereinafter Vassar) to install security equipment. Kirchhoff Construction Management, Inc. (hereinafter Kirchhoff), was the general contractor hired by Vassar to build a corridor in its building, Blodgett Hall. A set of heavy double doors separated the corridor from an auditorium where Kirchhoff was performing additional construction work. Workers used the double doors to gain access from one worksite to another. While following his supervisor through the double doors, one of the doors slammed shut, and the plaintiff impaled his hand on the door's broken pane of glass.

The Supreme Court improperly granted that branch of Kirch-

hoff's motion which was for summary judgment to dismiss the plaintiff's combined Labor Law § 200 and common-law negligence cause of action insofar as asserted against it. Liability will attach under those claims "when the injury sustained was a result of an actual dangerous condition, and then only if the defendant exercised supervisory control over the work performed on the premises or had notice of the dangerous condition which produced the injury" (*Sprague v Peckham Materials Corp.,* 240 AD2d 392, 394). There is an issue of fact as to whether Kirchhoff is liable under Labor Law § 200 and common-law negligence.

The Supreme Court also erred in granting that branch of Kirchhoff's motion which was for summary judgment dismissing the plaintiff's Labor Law § 241 (6) cause of action insofar as asserted against it. There is an issue of fact as to whether the plaintiff was injured in a passageway, and thus, as to whether 12 NYCRR 23-1.7 (e) (1) was violated (*see Rosenberg v Krupinski Gen. Contrs.,* 284 AD2d 523-524). There is also an issue of fact as to whether the accident occurred in a work area, and whether 12 NYCRR 23-1.7 (e) (2) was violated (*id.*). Finally, there is an issue of fact as to whether the cracked pane of glass on one of the double doors constitutes a sharp projection as contemplated under 12 NYCRR 23-1.7 (e) (1) and (2). If it is determined at trial that one of these specific regulations was violated, Labor Law § 241 (6) imposes absolute liability upon a general contractor regardless of its control of or supervision over the construction site (*see Rizzuto v Wenger Constr. Co.,* 91 NY2d 343, 348-349).

Accordingly, the Supreme Court also erred in granting that branch of Kirchoff's motion which was for summary judgment dismissing Vassar's cross claims. Altman, J.P., Adams, Townes and Crane, JJ., concur.