■ JAMES V. PALADINO et al., Appellants, v SOCIETY OF THE NEW YORK HOSPITAL et al., Respondents, et al., Defendant. [762 NYS2d 637] —In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Ponterio, J.), dated October 16, 2000, as, upon reargument, granted the motion of the defendants Society of the New York Hospital and Lehrer McGovern Bovis, Inc., for summary judgment dismissing the causes of action to recover damages for common-law negligence and pursuant to Labor Law §§ 200, 240 (1), and § 241 (6) insofar as asserted against them, and the separate motion of the defendants Regional Scaffolding & Hoisting Co., Inc., and Windham Construction Corp., for summary judgment dismissing the complaint insofar as asserted against them, which previously had been denied in a prior order of the same court dated Feb-

ruary 29, 2000, granted the motions, and (2) from a judgment of the same court dated November 22, 2000, which, upon the order dated October 16, 2000, is in favor of the defendants Regional Scaffolding & Hoisting Co., Inc., and Windham Construction Co., and against them, dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from so much of the order as, upon reargument, granted the motion of the defendants Regional Scaffolding & Hoisting Co., Inc., and Windham Construction Co., for summary judgment dismissing the complaint insofar as asserted against those defendants is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from and reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from so much of the order as, upon reargument, granted the motion of the defendants Regional Scaffolding & Hoisting Co., Inc., and Windham Construction Corp., for summary judgment dismissing the complaint insofar as asserted against them, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that part of the order are brought up for review and have been considered on the appeal from the judgment *(see* CPLR 5501 [a] [1]).

The plaintiff James V. Paladino tripped and fell on a loading dock platform at a construction site owned by the defendant Society of the New York Hospital. The defendant Lehrer McGovern Bovis, Inc., was the general contractor/construction manager of the construction site. The defendant Windham Construction Corp., constructed the loading dock. The defendant Regional Scaffolding & Hoisting Co., Inc., was a subcontractor which did not perform any construction work at the loading dock. The plaintiffs asserted causes of action to recover damages, inter alia, for common-law negligence and pursuant to Labor Law §§ 200, 240 (1), and § 241 (6).

Labor Law § 200 codifies the common-law duty of an owner or employer to provide employees a safe work place *(see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *Russin v Picciano & Son,* 54 NY2d 311, 316-317 [1981]; *Everitt v Nozkowski,* 285 AD2d 442, 443 [2001]). This provision applies to owners, contractors, or their agents, who "have the authority to control the activity bringing about the injury to

enable it to avoid or correct an unsafe condition" (*Russin v Picciano & Son, supra* at 317; *see Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Lombardi v Stout*, 80 NY2d 290, 295 [1992]; *Kerins v Vassar Coll.*, 293 AD2d 514, 515 [2002]). In order for liability to attach under Labor Law § 200 or under a theory of common-law negligence, an owner or contractor must have created or had have actual or constructive notice of the defective condition which caused the accident (*see Maggi v Innovax Methods Group Co.*, 250 AD2d 576, 578 [1998]).

The moving defendants established their prima facie entitlement to summary judgment by demonstrating that they neither had the authority to supervise or control the activity bringing about the injury to the plaintiff James V. Paladino, nor had actual or constructive notice of the dangerous condition which caused the accident. In opposition, the plaintiffs failed to raise triable issues of fact. Therefore, the Supreme Court properly granted summary judgment dismissing the plaintiff's common-law negligence and Labor Law § 200 causes of action.

Moreover, to prevail under Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth a specific standard of conduct (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Akins v Baker*, 247 AD2d 562 [1998]; *Vernieri v Empire Realty Co.*, 219 AD2d 593, 597 [1995]). The moving defendants demonstrated their entitlement to summary judgment dismissing the Labor Law § 241 (6) cause of action by establishing that the subject Industrial Code provisions were either complied with or inapplicable to the facts of this case. The plaintiffs failed to raise a triable issue of fact with respect thereto.

The plaintiffs' remaining contention is without merit. Santucci, J.P., Smith, Luciano and Cozier, JJ., concur.