■ LARRY A. BOPP, Respondent-Appellant, v A.M. RIZZO ELECTRICAL CONTRACTORS, INC., et al., Respondents, FIP CONSTRUCTION, INC., Appellant-Respondent, TRIPLE C. ASSOCIATES, LP, Respondent-Appellant, et al., Defendant. [796 NYS2d 153]—

In an action to recover damages for personal injuries, the defendant FIP Construction, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated March 5, 2004, as denied that branch of its cross motion which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) to the extent that it alleged a violation of 12 NYCRR 23-1.7 (e) (1), insofar as asserted against it and granted that branch of the motion of the defendants A.M. Rizzo Electrical Contractors, Inc., Rizzo Electric Corp., and Rizzo Corporation which was to dismiss its

cross claim for contractual indemnification insofar as asserted against those defendants, the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the motion of the defendants A.M. Rizzo Electrical Contractors, Inc., Rizzo Electric Corp., and Rizzo Corporation, which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against them and granted those branches of the cross motion of the defendant FIP Construction, Inc., and the cross motion of the defendant Triple C. Associates, LP, which were for summary judgment dismissing the cause of action based on Labor Law § 241 (6), to the extent that it alleged a violation of 12 NYCRR 23-1.7 (e) (2), insofar as asserted against those defendants, and the defendant Triple C. Associates, LP, cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6), to the extent it alleged a violation of 12 NYCRR 23-1.7 (e) (1) insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Triple C. Associates, LP, and the cross motion of the defendant FIP Construction, Inc., which were for summary judgment dismissing the cause the of action based upon Labor Law § 241 (6) to the extent that it alleged a violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against those defendants, and substituting therefor provisions denying those branches of the motion and the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendant Triple C. Associates, LP (hereinafter Triple C), owned the premises where a nursing home was to be constructed. Triple C contracted with the defendant FIP Construction, Inc. (hereinafter FIP), to build the nursing home. FIP subcontracted with the defendants A.M. Rizzo Electrical Contractors, Inc., Rizzo Electric Corp., and Rizzo Corporation (hereinafter Rizzo) to perform electrical services on the site. Westchester Acoustics was hired to install acoustical ceilings. The plaintiff was employed by Westchester Acoustics as a foreman.

The plaintiff allegedly slipped on a piece of cable while walking through a corridor to the area where he was working. The plaintiff commenced this action, inter alia, under Labor Law § 241 (6), to recover damages against Rizzo, FIP, and Triple C. The Supreme Court granted those branches of the respective

cross motions of Triple C and FIP which were for summary judgment dismissing the cause of action based upon Labor Law § 241 (6), to the extent that it alleged a violation of 12 NYCRR 23-1.7 (e) (2) insofar as asserted against those defendants, and denied those branches of the respective cross motions which were for summary judgment dismissing the cause of action based upon Labor Law § 241 (6), to the extent that it alleged a violation of 12 NYCRR 23-1.7 (e) (1) insofar as asserted against those defendants. The Supreme Court dismissed the complaint and all cross claims insofar as asserted against Rizzo.

The Supreme Court properly denied those branches of the respective cross motions of Triple C and FIP which were for summary judgment dismissing the cause of action based upon Labor Law § 241 (6), to the extent that it alleged a violation of 12 NYCRR 23-1.7 (e) (1). There is a triable issue of fact as to whether the plaintiff was injured in a passageway, and thus, whether 12 NYCRR 23-1.7 (e) (1) was violated (*see Kerins v Vassar Coll.*, 293 AD2d 514, 515 [2002]).

The Supreme Court erred in granting those branches of the respective cross motions of Triple C and FIP which were for summary judgment dismissing the cause of action based on Labor Law § 241 (6), to the extent that it alleged a violation of 12 NYCRR 23-1.7 (e) (2). There is a triable issue of fact as to whether the accident occurred in a work area, and thus, whether 12 NYCRR 23-1.7 (e) (2) was violated (*see Rosenberg v Krupinski Gen. Contrs.*, 284 AD2d 523, 524 [2001]).

If it is determined at trial that there was a violation of one of these specific regulations, Labor Law § 241 (6) imposes absolute liability upon a general contractor for the negligence of a subcontractor irrespective of its control or supervision of the construction site (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 348-349 [1998]).

Contrary to the plaintiff's contention, the Supreme Court properly dismissed the cause of action based on Labor Law § 241 (6) insofar as asserted against Rizzo. It is axiomatic that the statutory duties imposed by Labor Law § 241 (6) place ultimate responsibility for safety practices on owners of the work site and general contractors (*see Russin v Picciano & Son*, 54 NY2d 311, 317 [1981]). Since Rizzo was neither an owner nor a general contractor, liability would attach under Labor Law § 241 (6) only if it is shown that Rizzo was a statutory agent of the owner or general contractor (*id.* at 318). However, the Court of Appeals has clearly enunciated that "[o]nly upon obtaining the authority to supervise and control does the third party fall within the class of those having nondelegable liability as an

'agent' under section . . . 241" (*id.* at 318; *see Sabato v New York Life Ins. Co.,* 259 AD2d 535 [1999]). Since Rizzo did not exercise the requisite supervisory control over the plaintiff's work, Rizzo could not be deemed to have been an agent of the either the owner, Triple C, or the general contractor, FIP. Therefore, Rizzo cannot be charged with the statutory duties imposed by Labor Law § 241 (6).

The indemnification provision in the agreement between FIP and Rizzo is void as against public policy and unenforceable, as it seeks to indemnify FIP fully for its own negligence (*see* General Obligations Law § 5-322.1; *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786, 795 [1997]). H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.