■ ANDREW SMITH, Appellant-Respondent, v McCLIER CORPORATION et al., Respondents-Appellants, and RUTTURA & SONS, Respondent. McCLIER CORPORATION et al., Third-Party Plaintiffs, v UNITED STATES REBAR, INC., Also Known as US REBAR, Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And a Second Third-Party Action.) [802 NYS2d 441]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered May 25, 2004, which, insofar as appealed from as limited by the briefs, granted those branches of defendants' motion and cross motions for summary judgment seeking dismissal of plaintiff's Labor Law § 241 (6) claim, and denied so much of the cross motion of defendant Hirani Engineering and Land Surveying, P.C. as sought dismissal of plaintiff's Labor Law § 200 and common-law negligence claims as against it, unanimously modified, on the law, to deny summary judgment dismissing the Labor Law § 241 (6) claim as against all defendants except Hirani Engineering, and to reinstate that claim against all defendants except Hirani, and to grant Hirani's cross motion for summary judgment to the additional extent of dismissing the Labor Law § 200, common-law negligence and cross claims against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint and all cross claims as against defendant Hirani Engineering and Land Surveying, P.C.

According to the complaint, plaintiff was injured when, while moving between areas of the construction worksite in search of a tool needed for the rebar work he had been assigned, he tripped on a tool bucket and fell off an unrailed stairway landing.

Contrary to defendants' arguments, the Industrial Code provision whose violation plaintiff cites as the predicate for his Labor Law § 241 (6) claim, 12 NYCRR 23-1.7 (e), is applicable to the facts at bar and is sufficiently concrete and specific in its requirements to support such a claim (see Farina v Plaza Constr. Co., 238 AD2d 158 [1997]; Colucci v Equitable Life Assur. Socy. of U.S., 218 AD2d 513 [1995]). Although the motion court, in dismissing the claim, concluded that plaintiff was not authorized to use the passage in which the accident occurred, evidence showing that, prior to the accident, workers routinely utilized the stairway without restriction, that the stairway was not barricaded and that there were no warnings posted restricting its use, was sufficient to raise a triable issue as to whether the passageway was in fact off limits. In any case, 12 NYCRR 23-1.7 (e) (1) does not exempt any construction site "passageways" from its scope; it clearly requires that "[a]ll passageways shall be kept free from . . . obstructions or conditions which could cause tripping" (emphasis supplied), and we have had occasion to observe that responsibility under Labor Law

§ 241 (6) "extends not only to the point where the . . . work was actually being conducted, but to the entire site, including passageways utilized in the provision and storage of tools, in order to insure the safety of laborers going to and from the points of actual work" (*Sergio v Benjolo N.V.*, 168 AD2d 235, 236 [1990]; *see also Whalen v City of New York*, 270 AD2d 340, 342 [2000]; *Zeigler-Bonds v Structure Tone*, 245 AD2d 80 [1997]).

Assuming for the sake of argument that the alleged stairway hazard was open and obvious, defendants would not therefore be relieved of such statutory and common-law obligations as they otherwise had to maintain the workplace premises in reasonably safe condition (*see Maza v University Ave. Dev. Corp.*, 13 AD3d 65 [2004]; *Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69 [2004]).

However, the section 241 (6) claim was properly dismissed as against defendant subcontractor Hirani Engineering because it was not an "owner" or a "general contractor" and the record establishes that Hirani did not have sufficient authority to supervise and control the injury-producing work to support the imposition of liability on it as a statutory "agent" (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]; *see also Serpe v Eyris Prods.*, 243 AD2d 375, 379-380 [1997]). At most, Hirani was under a general contractual obligation to ensure compliance with safety regulations, but that is insufficient to support imposition of liability on an agency theory, or pursuant to Labor Law § 200 and its common-law counterpart (*see Reilly v Newireen Assoc.*, 303 AD2d 214, 222 [2003], *lv denied* 100 NY2d 508 [2003]; *Dalanna v City of New York*, 308 AD2d 400 [2003]; *Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 468-469 [1998]).

We have reviewed the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ.