■ MICHAEL DENICOLA et al., Appellants, v ASSURED SPRINKLER AND MECHANICAL, INC., et al., Respondents. [809 NYS2d 126]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCarty, J.), entered June 30, 2004, which granted the motion of the defendant Assured Sprinkler and Mechanical, Inc., for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1), § 241 (6), and § 200 and common-law negligence insofar as asserted against it, and granted those branches of the separate motion of the defendant Centro Biblico, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Michael DeNicola allegedly was injured when a portion of a parapet wall fell on him as he stood on the roof of a building while an air conditioning unit was being removed from the roof for salvage. The Supreme Court correctly granted the defendants' separate motions for summary judgment. The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action pursuant to Labor Law § 240 (1) by establishing that the accident did not involve an elevation-related risk within the contemplation of the statute (see Narducci v Manhasset Bay Assoc., 96 NY2d 259 [2001]; Misseritti v Mark IV Constr. Co., 86 NY2d 487, 491 [1995]; Matter of Sabovic v State of New York, 229 AD2d 586, 587 [1996]). The defendants also made a prima facie showing of entitlement to judgment as a matter of law dismissing the cause of action pursuant to Labor Law § 241 (6) by demonstrating that the provisions of the Industrial Code upon which the plaintiffs rely do not apply to the facts on which their claim is based (see Georgopulos v Gertz Plaza, Inc., 13 AD3d 478 [2004]; Zuniga v Stam Realty, 169 Misc 2d 1004, 1010 [1996], affd 245 AD2d 561 [1997]). In opposition, the plaintiffs failed to raise a triable issue of fact with respect to the defendants' liability pursuant to either section of the Labor Law.

Further, the causes of action to recover damages based upon common-law negligence and an alleged violation of Labor Law

§ 200 were also properly dismissed insofar as asserted against the defendant Assured Sprinkler and Mechanical, Inc. (hereinafter Assured). Assured met its burden of demonstrating its entitlement to judgment as a matter of law, and the plaintiffs failed to raise a triable issue of fact in opposition thereto (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]). Cozier, J.P., Santucci, Spolzino and Skelos, JJ., concur.