■ THOMAS J. COWAN et al., Respondents, v ADF CONSTRUCTION CORP. et al., Appellants. [809 NYS2d 735]—

Appeals from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered January 6, 2005 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant Niagara Lutheran Development, Inc. and the cross motion of defendant ADF Construction Corp. for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Thomas J. Cowan (plaintiff) when he tripped and fell at a construction site. Supreme Court

properly denied those parts of the motion of defendant Niagara Lutheran Development, Inc., the owner of the construction site, and the cross motion of defendant ADF Construction Corp. (ADF), the general contractor on the project, for summary judgment dismissing the Labor Law § 241 (6) claim insofar as it is predicated on an alleged violation of 12 NYCRR 23-1.7 (e) (1). That regulation is sufficiently specific to support a claim pursuant to Labor Law § 241 (6) (*see Smith v McClier Corp.*, 22 AD3d 369 [2005]; *Danchick v Contegra Servs.*, 299 AD2d 923, 924 [2002]; *see generally Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503-505 [1993]). Moreover, there is a triable issue of fact concerning whether the area was in fact a passageway that defendants were obligated to keep free of obstructions or other conditions that might cause "tripping" (12 NYCRR 23-1.7 [e] [1]; *see Smith*, 22 AD3d at 370-371; *Bopp v A.M. Rizzo Elec. Contrs., Inc.*, 19 AD3d 348, 350 [2005]; *Kerins v Vassar Coll.*, 293 AD2d 514, 515 [2002]; *Rosenberg v Krupinski Gen. Contrs.*, 284 AD2d 523, 524 [2001]).

The court further properly denied that part of the cross motion of ADF for summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action against it. The contentions of ADF with respect to that claim and cause of action do not negate its duties with respect thereto but, rather, concern the issue of plaintiff's comparative negligence (*see Maza v University Ave. Dev. Corp.*, 13 AD3d 65 [2004]; *Tulovic v Chase Manhattan Bank*, 309 AD2d 923, 924-925 [2003]; *Waszak v State of New York*, 275 AD2d 916, 916-917 [2000]). There is a triable issue of fact concerning whether ADF failed to provide plaintiff with a safe place to work (*see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 353 [1998]; *Ross*, 81 NY2d at 505-506; *Motyka v Ogden Martin Sys. of Onondaga Ltd. Partnership*, 272 AD2d 980, 980-981 [2000]). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Green, JJ.