■ RICHARD MOLYNEAUX et al., Appellants, v CITY OF NEW YORK et al., Respondents, VAN TAG CONTRACTING CORP., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. CPB, INC., Doing Business as TRADE IMAGES, Third-Party Defendant and Second Third-Party Plaintiff; WADE WINDOWS, INC., Second Third-Party Defendant. [813 NYS2d 729]—

In an action to recover damages for personal injuries, etc., based on common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6), the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated October 22, 2004, as granted that branch of the motion of the defendants City of New York, New York City Board of Education, and Design of Development of Construction which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and that branch of the separate cross motion of the defendant Van Tag Contracting Corp. which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

While inspecting new windows which had been installed at Bayside High School in Queens, the plaintiff Richard Molyneaux fell off a scaffold and sustained injuries. Molyneaux was employed by the URS Corporation Group Consultants (hereinafter URS), which had been hired by the defendants City of New York, New York City Board of Education, and Design of Development of Construction (hereinafter collectively the City), as construction manager for the renovation project at the high school. URS, in turn, contracted with Van Tag Contracting Corp. (hereinafter Van Tag), inter alia, to install windows. Van Tag

subcontracted out various parts of the work, but retained responsibility for the scaffold, which had to be set up and taken down daily.

The Supreme Court properly concluded that the injured plaintiff's fall is beyond the reach of Labor Law § 240 (1) (*see Costello v Hapco Realty*, 305 AD2d 445 [2003]; *see Springer v Clark Publ. Co.*, 171 AD2d 914 [1991]; *Bailey v Bethlehem Steel Corp.*,1994 WL586944, 1994 US Dist LEXIS 14940 [WD NY 1994]). Where the scaffold and its ladder indisputably neither collapsed nor malfunctioned, slipping due to an alleged unidentified substance, never observed prior to or at the time of the accident, is tantamount to a slipping "without more" scenario. Since the substance could not be identified, neither could its source. Under these circumstances, it would be impossible to ascribe fault to any individual or entity. To hold the defendants liable under the circumstances of this case would make them insurers of the workplace. In construing the purpose of Labor Law § 240 (1), the Court of Appeals recently stated that the statute was never intended to be a strict or absolute liability statute in the sense that there be liability without fault or that the party being charged with responsibility be "treated as an insurer after having furnished a safe workplace" (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 286 [2003]). No triable issue having been raised by the plaintiffs in response to the defendants establishing a prima facie case for judgment as a matter of law, summary judgment was properly awarded to the moving defendants with respect to the plaintiffs' Labor Law § 240 (1) cause of action.

Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees a safe work place (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Paladino v Society of N.Y. Hosp.*, 307 AD2d 343, 344 [2003]). It is an implicit precondition to this duty that the party to be charged "have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *see Rizzuto v L.A. Wenger Contr. Co., supra*; *Comes v New York State Elec. & Gas Corp., supra*; *Paladino v Society of N.Y. Hosp., supra*). Moreover, the owner or contractor must have created or had actual or constructive notice of the defective condition which caused the accident (*see Paladino v Society of N.Y. Hosp., supra* at 345; *Maggi v Innovax Methods Group Co.*, 250 AD2d 576, 578 [1998]). The moving defendants were properly awarded summary judgment on the plaintiffs' common-

law negligence and Labor Law § 200 causes of action, since the evidence indisputably showed that the unidentified substance had never been observed before the occurrence of the plaintiff's accident. Thus, the moving defendants could not possibly have had notice of the cause of the accident, nor could they be found responsible for creation of the dangerous condition. In opposition, the plaintiffs did not raise a triable issue of fact.

Further, to prevail under Labor Law § 241 (6), a plaintiff must establish violation of an Industrial Code provision which sets forth a specific standard of conduct (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 502-505 [1993]; *Paladino v Society of N.Y. Hosp., supra*). The moving defendants demonstrated their entitlement to summary judgment dismissing the Labor Law § 241 (6) cause of action by establishing that the subject Industrial Code provision was inapplicable to the facts of this case. The plaintiffs failed to raise a triable issue of fact with respect thereto. Schmidt, J.P., Santucci, Rivera and Skelos, JJ., concur.