■ DARREN PEAY, Respondent-Appellant, v NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY et al., Appellants-Respondents. [827 NYS2d 189]—

In a consolidated action to recover damages for personal injuries based on violations of Labor Law §§ 200, 240 (1), and § 241 (6), and common-law negligence, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated October 21, 2005, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendants Board of Education of the City of New York and Leon D. DeMatteis Construction Corporation, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were for summary judgment dismissing the plaintiff's causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendants Board of Education of the City of New York and Leon DeMatteis Construction Corporation, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs.

The defendant Leon D. DeMatteis Construction Corporation (hereinafter DeMatteis) was the general contractor on a project constructing three new schools for the defendant Board of

Education of the City of New York (hereinafter the Board). The plaintiff, an employee of a masonry subcontractor, was working on a scaffold when the cinder-block wall he was constructing collapsed on top of him, causing serious injuries.

Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees a safe work place (*see Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343, 352 [1998]; *Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *Molyneaux v City of New York,* 28 AD3d 438 [2006]; *Paladino v Society of N.Y. Hosp.,* 307 AD2d 343, 344 [2003]). If the allegedly dangerous condition arises from the contractor's methods and the owner or general contractor exercises no supervisory control over the operation, liability does not attach under the common law or under Labor Law § 200 (*see Comes v New York State Elec. & Gas Corp., supra; Lombardi v Stout,* 80 NY2d 290, 295 [1992]; *Mas v Kohen,* 283 AD2d 616 [2001]; *Cuartas v Kourkoumelis,* 265 AD2d 293 [1999]).

Here, the Board and DeMatteis established their prima facie entitlement to summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence by demonstrating that they neither had the authority to supervise or control the activity bringing about the plaintiff's injury, nor had actual or constructive notice of the allegedly dangerous condition (*see Russin v Louis N. Picciano & Son,* 54 NY2d 311, 317 [1981]; *Rizzuto v L.A. Wenger Contr. Co., supra; Comes v New York State Elec. & Gas Corp., supra; Paladino v Society of N.Y. Hosp., supra*). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, " '[t]he construction manager's authority to stop the contractor's work, if the manager notices a safety violation, does not give the manager a duty to protect the contractor's employees' " (*Warnitz v Liro Group,* 254 AD2d 411, 411-412 [1998], quoting *Buccini v 1568 Broadway Assoc.,* 250 AD2d 466, 468-469 [1998]). Accordingly, the Supreme Court should have granted summary judgment dismissing the plaintiff's causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the Board and DeMatteis.

The Supreme Court, however, properly granted summary judgment dismissing the plaintiff's cause of action alleging a violation of Labor Law § 240 (1). In opposition to the defendants' prima facie showing of entitlement to summary judgment, the plaintiff failed to demonstrate that he fell from a height or that the height or adequacy of the scaffold was the proximate cause of his injuries (*see Capparelli v Zausmer Frisch Assoc.,* 96 NY2d

259, 267; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501 [1993]; *Bland v Manocherian,* 66 NY2d 452, 460-461 [1985]; *Galvan v Triborough Bridge & Tunnel Auth.,* 29 AD3d 517 [2006]; *Lightfoot v State of New York,* 245 AD2d 488, 489 [1997]). Furthermore, the wall that collapsed on the plaintiff was at the same level as his space and therefore was not a falling object for purposes of Labor Law § 240 (1) (*see Matter of Sabovic v State of New York,* 229 AD2d 586, 587 [1996]; *Terry v Mutual Life Ins. Co. of N.Y.,* 265 AD2d 929 [1999]).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.