■ GARY M. NANKERVIS, Respondent, v LONG ISLAND UNIVERSITY et al., Appellants. [911 NYS2d 393]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated May 1, 2009, as denied those branches of their motion which were for summary judgment dismissing the Labor Law § 241 (6) cause of action to the extent that it is based on violations of 12 NYCRR 23-1.7 (d) and (e) (2), and for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against the defendant Sullivan & Nickel Construction, Co., Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against them to the extent it is based on a violation of 12 NYCRR 23-1.7 (d) and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Long Island University (hereinafter LIU) retained the defendant Sullivan & Nickel Construction, Co., Inc. (hereinafter Sullivan), to act as the general contractor for a construction project on its property. Sullivan subcontracted with nonparty McDowell Electric (hereinafter McDowell) to

perform electrical work on the project. The plaintiff was employed by McDowell as an electrician.

The plaintiff allegedly slipped on a pipe covered by debris while carrying cable. The plaintiff commenced this action against LIU and Sullivan, alleging violations of Labor Law §§ 200, 240 and § 241 (6) and a common-law negligence cause of action. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied those branches of the motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 against Sullivan and a violation of Labor Law § 241 (6) to the extent it was based on violations of 12 NYCRR 23-1.7 (d) and (e) (2). The defendants appeal.

The Supreme Court properly denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law § 200 insofar as asserted against Sullivan. Labor Law § 200 codifies the common-law duty of an owner or general contractor to provide employees with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Peay v New York City School Constr. Auth., 35 AD3d 566, 567 [2006]; Paladino v Society of N.Y. Hosp., 307 AD2d 343, 344 [2003]). Here, an allegedly defective premises condition consisting of construction debris lying on the cafeteria floor allegedly caused the plaintiff's fall. In order for Sullivan to prevail on the motion for summary judgment, it had to show that it neither created the dangerous condition nor had actual or constructive notice of it within a reasonable time to correct it (see Slikas v Cyclone Realty, LLC, 78 AD3d 144 [2010]; Ortega v Puccia, 57 AD3d 54, 61-62 [2008]; Keating v Nanuet Bd. of Educ., 40 AD3d 706, 708 [2007]). Sullivan failed to establish, prima facie, that it lacked actual or constructive notice of the alleged defect (see Mikhaylo v Chechelnitskiy, 45 AD3d 821 [2007]; Keating v Nanuet Bd. of Educ., 40 AD3d at 709). Since it failed to meet its prima facie burden with regard to those branches of the motion seeking to dismiss the common-law negligence and Labor Law § 200 causes of action insofar as asserted against it, the sufficiency of the opposition papers need not be addressed (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).

The cause of action pursuant to Labor Law § 241 (6) was based, inter alia, on violations of 12 NYCRR 23-1.7 (d) and (e) (2). The defendants failed to demonstrate their prima facie entitlement to summary judgment based on the inapplicability of 12 NYCRR 23-1.7 (e) (2) (see Bopp v A.M. Rizzo Elec. Contrs., Inc., 19 AD3d 348, 350 [2005]).

However, the defendants established, prima facie, that 12 NYCRR 23-1.7 (d) was inapplicable because the accumulation of debris did not constitute a "slippery condition" within the meaning of this code section (*see Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763 [2009]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2003]; *D'Acunti v New York City School Constr. Auth.*, 300 AD2d 107 [2002]; *cf. Hageman v Home Depot U.S.A., Inc.*, 45 AD3d 730 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action to the extent that it is based on a violation of 12 NYCRR 23-1.7 (d). Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.