■ RAFAEL RODRIGUEZ, Respondent, v BCRE 230 RIVERDALE, LLC, et al., Appellants, et al., Defendant. [938 NYS2d 146]—

The plaintiff allegedly was injured while performing demolition work as part of a renovation project at a building owned by the defendant BCRE 230 Riverdale, LLC (hereinafter BCRE). According to the plaintiff, he and two coworkers were pushing a dumpster filled with demolition debris through an alley behind the building when one of its wheels became stuck and stopped moving. As the plaintiff was pulling and his coworkers were pushing the dumpster, it moved sideways and one of its wheels fell into what the plaintiff described as a hole. While trying to steady the dumpster, the plaintiff tripped on the hole and both he and the dumpster fell, allegedly causing injuries to the plaintiff. It is undisputed that the hole described by the plaintiff was an area where the concrete surface of the alley had been cut in order to install a ramp to the basement of the building as part of the renovation project. The plaintiff testified at a deposition that no one was working on the ramp area on the day of his accident.

The plaintiff commenced this action against several parties, including BCRE, alleging, inter alia, common-law negligence and violations of Labor Law §§ 200 and 241 (6). As is relevant to this appeal, the defendants BCRE and R.A. Cohen & Associates, Inc. (hereinafter R.A. Cohen), the managing agent for the tenants living in the building, cross-moved for summary judgment, inter alia, dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against each of them. The Supreme Court granted the cross motion as to R.A. Cohen, but denied it as to BCRE.

Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61 [2008]; see Chowdhury v Rodriguez, 57 AD3d 121, 128 [2008]).

Contrary to BCRE's contention, the injury in this case arose from an allegedly defective condition on the premises rather than from the manner in which the work was being performed

(*see White v Village of Port Chester*, 84 AD3d 946, 946 [2011]; *Nankervis v Long Is. Univ.*, 78 AD3d 799, 800 [2010]; *Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 148 [2010]; *cf. Cody v State of New York*, 82 AD3d 925, 926 [2011]; *Gomez v City of New York*, 56 AD3d 522, 523 [2008]). Accordingly, BCRE had the initial burden of making a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence (*see Chowdhury v Rodriguez*, 57 AD3d at 131-132; *Ortega v Puccia*, 57 AD3d at 61; *Azad v 270 5th Realty Corp.*, 46 AD3d 728, 730 [2007]). Since BCRE failed to make a prima facie showing that it lacked notice of the allegedly dangerous condition, the Supreme Court properly denied that branch of the cross motion which was to dismiss the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against BCRE.

The Supreme Court also properly denied that branch of the cross motion which was for summary judgment dismissing the cause alleging a violation of Labor Law § 241 (6) to the extent that it is based on a violation of 12 NYCRR 23-1.7 (e) (1) insofar as asserted against BCRE. BCRE failed to demonstrate the absence of a triable issue of fact as to whether the plaintiff tripped in a passageway (*see Aragona v State of New York*, 74 AD3d 1260, 1261 [2010]; *Bopp v A.M. Rizzo Elec. Contrs., Inc.*, 19 AD3d 348, 350 [2005]; *Kerins v Vassar Coll.*, 293 AD2d 514, 515 [2002]), and whether the alleged defect was an integral part of the construction (*see Torres v Forest City Ratner Cos., LLC*, 89 AD3d 928 [2011]; *Aragona v State of New York*, 74 AD3d at 1261; *Giza v New York City School Constr. Auth.*, 22 AD3d 800, 801 [2005]).

However, the Supreme Court erred in denying that branch of the cross motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) claim as was based upon 12 NYCRR 23-1.7 (e) (2) insofar as asserted against BCRE. BCRE satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that 12 NYCRR 23-1.7 (e) (2) was inapplicable, as the subject defect was not a hazard contemplated by that regulation (*see Spence v Island Estates at Mt. Sinai II, LLC*, 79 AD3d 936, 938 [2010]; *Fura v Adam's Rib Ranch Corp.*, 15 AD3d 948, 949 [2005]; *Madir v 21-23 Maiden Lane Realty, LLC*, 9 AD3d 450, 452 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.