■ SALVATORE OLIVERI et al., Respondents, v CITY OF NEW YORK et al., Defendants, WDF INC. et al., Respondents, and ENVIRONMENTAL LABORATORIES INC., Appellant. (And a Third-Party Action.) [44 NYS3d 447]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered March 25, 2015, which, to the extent appealed from as limited by the briefs, denied defendant Environmental Laboratories Inc.'s (ELI) motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims and the Labor Law § 241 (6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7 (d) as against it, unanimously affirmed, without costs.

The motion court properly found a material question of fact as to whether ELI, the site safety consultant employed by plaintiff Salvatore Oliveri's employer, had supervisory control and authority over the work being done when plaintiff was injured, and can be held liable for plaintiff's injuries under the Labor Law as an agent of the owner or general contractor. ELI argues that at best it had only a general supervisory role that was not enough to establish agency (see *Hughes v Tishman Constr. Corp.*, 40 AD3d 305, 306 [1st Dept 2007]; *Smith v McClier Corp.*, 22 AD3d 369, 371 [1st Dept 2005]; *Dalanna v City of New York*, 308 AD2d 400 [1st Dept 2003]). ELI's principal testified that the responsibility of a site safety consultant was to consult with and make recommendations to the foreman, project manager or superintendent should he or she observe a potentially unsafe condition. However, the agreement under which ELI performed its services for plaintiff's employer, defendant Schlesinger-Siemens Electrical LLC, provided that the site safety consultant, in addition to making inspections of the work place to ascertain a safe operating environment, was to

"[t]ake necessary and timely corrective actions to eliminate all unsafe acts and/or conditions," and "[p]erform all related tasks necessary to achieve the highest degree of safety." Elsewhere, the agreement states that Schlesinger-Siemens "shall be solely responsible for the adequacy and safety of all construction methods, materials, equipment and the safe prosecution of the work." During his deposition, Schlesigner-Siemens's general foreman did not address his understanding of ELI's responsibility concerning safety hazards. Consequently, summary dismissal was properly denied as its responsibilities may have included authority over plaintiff's work.

The motion court correctly denied dismissal of the Labor Law § 241 (6) claim, alleging a violation of Industrial Code (12 NYCRR) § 23-1.7 (d), pertaining to slipping hazards. Concur—Richter, J.P., Manzanet-Daniels, Feinman, Kapnick and Gesmer, JJ.