DePhillips v Tishman Constr. Corp.
2026 NY Slip Op 03756
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Giovanni DePhillips, Plaintiff-Respondent,
v
Tishman Construction Corporation, et al., Defendants-Appellants.

Decided and Entered: June 16, 2026
Index No. 157160/21|Appeal No. 6892|Case No. 2025-05949|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about July 24, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on the Labor Law § 241(6) cause of action and found that defendants The Moinian Group, Boston Properties, Inc. and Meushar 34th Street LLC are proper Labor Law defendants, unanimously affirmed, without costs.
Plaintiff's unrebutted testimony was that he slipped and fell on a snow or ice-covered staircase at a construction site where he was working, carrying lumber up the staircase. Defendants offered no eyewitness testimony from any individual indicating that they witnessed plaintiff's accident. Instead, defendants offered an affidavit from a witness who heard plaintiff's accident, and that witness stated that while the staircase was clean, there was possibly an accumulation of snow on the corner of the stairs at the edge of the treads.
Industrial Code (12 NYCRR) § 23-1.7(d) may serve as a predicate for a Labor Law § 241(6) cause of action (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 350-351 [1998]). Here, plaintiff met his prima facie burden of establishing liability based on his testimony concerning the presence on the staircase of a slippery substance that was not removed. In opposition, defendants failed to rebut such showing insofar as they offered no evidence from anyone who actually observed plaintiff's fall, and even their witness's affidavit indicated that there may have been some degree of snow or ice accumulation on the stairs.
The court also properly determined that defendants The Moinian Group, Meushar 34th Street and Boston Properties are proper Labor Law defendants (see Labor Law § 241[6]). The Court of Appeals observed in Scaparo v Village of Ilion that "the term 'owner' is not limited to the titleholder of the property where the accident occurred and encompasses a person 'who has an interest in the property and who fulfilled the role of owner by contracting to have work performed for his [or her] benefit'" (13 NY3d 864, 866 [2009]; see also Smith v McClier Corp., 22 AD3d 369, 371 [1st Dept 2005] [the key to imposing Labor Law liability is that the party to be charged have authority to supervise and control the work and safety]; Sweeting v Board of Coop. Educ. Servs., 83 AD2d 103, 114 [4th Dept 1981] [in the context of determining whether a party is an owner within the meaning of the Labor Law, "[it] is the right to control the work that is significant, not the actual exercise or nonexercise of control"]).
[*2]
The record indicates that these defendants were entities that had interests in the property and who fulfilled the role of an owner by contracting to have the work performed for their benefit (see Scaparo, 13 NY3d at 866). The Moinian Group owned 75% of the joint venture and, according to the joint venture agreement, had approval rights over major decisions, including selection of major trade contractors. Individuals associated with The Moinian Group additionally acted as the property owner's representatives in its contract with Tishman Construction and attended regular meetings with Tishman Construction, Boston Properties, and subcontractors related to the project. Meushar 34th Street LLC was a joint venture partner on the project and its principal, Joseph Moinian, was the authorized signatory for all documents signed by the property owner. Boston Properties was involved in scheduling and budgeting concerning the project, and one of its executives held weekly construction meetings and inspected the work at the project site. Boston Properties was additionally involved in compensating Tishman Construction, and in leasing and financing construction costs related to the project.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026