■ GREGORY E. CANNING, Appellant, v RFD 82ND STREET, L. L. C., et al., Respondents. [727 NYS2d 336] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated April 10, 2000, as granted those branches of the defendants' motion which were to dismiss the cause of action to recover damages based on a violation of Labor Law § 200 insofar as asserted against the defendant HRH Construction Corporation, and the cause of action to recover damages based on violations of Labor Law § 241 (6).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the cause of action to recover damages based on violations of Labor Law § 241 (6), and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff claims that he was walking in a clear path between an exposed open edge of the building on his left and a pile of "stringers" on his right, when he tripped over a piece of "re-bar" sticking out of the edge of the building, fell, and broke his wrist. A re-bar is a piece of metal about one-half inch in diameter, extending three feet up from the floor. According to the plaintiff, the re-bar had been bent 90 degrees inward, so that the top portion of the re-bar extended horizontally across his path.

The plaintiff's testimony presents issues of fact as to whether the defendants violated 12 NYCRR 23-1.7 (e), and thus are liable pursuant to Labor Law § 241 (6) (see, Stasierowski v Conbow Corp., 258 AD2d 914; Baird v Lydall, Inc., 210 AD2d 577; Lenard v 1251 Ams. Assocs., 241 AD2d 391).

The plaintiff's remaining contentions are without merit (*see, Perez v Spring Cr. Assocs.,* 265 AD2d 314). Santucci, J. P., Goldstein, H. Miller and Crane, JJ., concur.