■ THOMAS TUCKER et al., Appellants, v TISHMAN CONSTRUCTION CORP. OF NEW YORK, Respondent, et al., Defendant. TISHMAN CONSTRUCTION CORP. OF NEW YORK, Third-Party Plaintiff-Respondent, v MANHATTAN STRUCTURES, Third-Party Defendant, and BRAWNMADE CONSTRUCTION, Third-Party Defendant-Respondent. [828 NYS2d 311]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered May 3, 2005, which, insofar as appealed from, granted third-party defendant's motion for summary judgment dismissing plaintiff's causes of action under Labor Law § 241 (6), and bringing up for review, pursuant to CPLR 5517 (b), an order, same court and Justice, entered August 24, 2005, which, inter alia, denied plaintiff's motion to renew, unanimously affirmed, without costs.

The record establishes that the area where plaintiff fell was not a passageway subject to Industrial Code (12 NYCRR) § 23-1.7 (e) (1) but a work area subject to section 23-1.7 (e) (2) (*see Canning v Barneys N. Y.*, 289 AD2d 32, 34 [2001]), and that there is no liability under the latter section because the rebar steel over which plaintiff tripped was an integral part of the work being performed, not debris, scattered tools and materials, or a sharp projection (*cf. id.* at 34-35; *see Lenard v 1251 Ams. Assoc.*, 241 AD2d 391, 393 [1997]). Nor is there any evidence that the rebar was obstructing a passageway, such as might give plaintiff a claim under Industrial Code § 23-2.1 (a) (1) (*see Scannell v Mt. Sinai Med. Ctr.*, 256 AD2d 214 [1998]; *Motyka v Ogden Martin Sys. of Onondaga Ltd. Partnership*, 272 AD2d 980, 981 [2000]). Section 23-2.1 (b), which expressly applies to debris, is likewise inapplicable as it is clear, from plaintiff's testimony, that the rebar over which he tripped was not debris. Industrial Code § 23-1.30, which pertains to illumination of work areas, is also unavailing, the record being " 'insufficient to create an inference that the amount of lighting fell below the specific statutory standard' " (*Carty v Port Auth. of N.Y. & N.J.*, 32 AD3d 732, 733 [2006], quoting *Cahill v Triborough Bridge & Tunnel Auth.*, 31 AD3d 347, 349 [2006]). Plaintiff's motion to renew was properly denied for lack of facts that were unavailable at the time of the original motion, and because his affidavit in support was self-serving and conclusory (*see William P. Pahl*

*Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1992], *lv denied in part and dismissed in part* 80 NY2d 1005 [1992]). Concur—Mazzarelli, J.P., Friedman, Sullivan, Catterson and Malone, JJ.