■ NICHOLAS SACCENTI, Appellant, v CITY OF NEW YORK, Defendant, and HALLEN CONSTRUCTION, Respondent. (And a Third-Party Action.) [846 NYS2d 236]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated August 14, 2006, as granted those branches of the motion of the defendant Hallen Construction which were for summary judgment dismissing the causes of action based on common-law negligence, Labor Law § 200, and Labor Law § 241 (6) insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion of the defendant Hallen Construction which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law § 200 and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Hallen Construction (hereinafter Hallen) was a subcontractor hired by the third-party defendant Keyspan Energy Delivery N.Y.C. (hereinafter Keyspan) to create an excavation trench to facilitate gas main maintenance. At the end of each work day, Hallen covered the excavation with steel plates which were affixed with spikes. When the plates were removed from the excavation by Hallen in the morning, the spikes were left in the ground.

The plaintiff was employed by Keyspan and was responsible for gas main maintenance. At the end of the work day on October 9, 2003, as the plaintiff removed safety cones from the area near the excavation trench so that Hallen could reinstall the plates, he tripped over a spike, fell into the trench, and sustained injuries. The plaintiff commenced this action to recover damages against Hallen, among others, based on Labor Law §§ 200 and 241 (6), and common-law negligence. Hallen moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, and we modify.

Hallen demonstrated, prima facie, its entitlement to judgment as a matter of law with respect to the plaintiff's cause of

action pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (e) (2). This regulation requires working areas to be kept clear of "dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed" (12 NYCRR 23-1.7 [e] [2]). As the evidence submitted by Hallen demonstrated that the spikes were used at the work site to secure the steel plates over the excavation and, when not in use, the spikes were embedded in the ground, the regulation was inapplicable (*see Dalanna v City of New York*, 308 AD2d 400 [2003]). In opposition to Hallen's showing, the plaintiff failed to raise a triable issue of fact.

However, Hallen failed to demonstrate its prima facie entitlement to summary judgment dismissing the plaintiff's causes of action based on Labor Law § 200 and common-law negligence because the evidence presented on its motion raises triable issues of fact as to whether it so "control[led] the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]).

The parties' remaining contentions are without merit. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.