■ MICHELE FUCHS, Appellant, v AUSTIN MALL ASSOCIATES, LLC, et al., Respondents, et al., Defendants. [879 NYS2d 166]—

In an action to recover damages for wrongful death and conscious pain and suffering, etc., the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated June 6, 2007, as granted those branches of the motion of the defendants Austin Mall Associates, LLC, Joel Mandel, JSM Management Corp., Aronoff Family Limited Partnership, Rosalyn Crane, Annette Mord, Herbert Aronoff, Joel Aronoff, and the Estate of Louis Aronoff which were for summary judgment dismissing the causes of action pursuant to Labor Law § 241 (6) and § 200 and to recover damages for common-law negligence insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Austin Mall Associates, LLC, Joel Mandel, JSM Management Corp., Aronoff Family Limited Partnership, Rosalyn Crane, Annette Mord, Herbert Aronoff, Joel Aronoff, and the Estate of Louis Aronoff which were for summary judgment dismissing the causes of action pursuant to Labor Law § 241 (6) and § 200 and to recover damages for common-law negligence insofar as asserted against them are denied.

The plaintiff's decedent (hereinafter the decedent) was electrocuted while replacing the ceiling of an elevator, located on property owned and/or managed by the defendants Austin Mall Associates, LLC, Joel Mandel, JSM Management Corp., Aronoff Family Limited Partnership, Rosalyn Crane, Annette Mord, Herbert Aronoff, Joel Aronoff, and the Estate of Louis Aronoff (hereinafter collectively Austin). The decedent's work

involved removing or dismantling the existing elevator ceiling and disconnecting the wiring for the ceiling lighting fixtures from a junction box located on the elevator cab roof; installing a new, prefabricated ceiling, which contained new lighting fixtures; and connecting the wiring for the new lighting fixtures to the alternating current in the junction box. This action was commenced by the decedent's representative against several defendants to recover damages for the wrongful death and conscious pain and suffering sustained by the decedent, alleging causes of action, among others, pursuant to Labor Law §§ 200, 240 and § 241 (6), and common-law negligence. In the order appealed from, the Supreme Court granted Austin's motion for summary judgment dismissing the complaint insofar as asserted against it. We reverse the order insofar as appealed from.

Contrary to Austin's contention, the work the decedent was engaged in at the time of the accident constituted "alteration" and therefore was within the scope of construction for purposes of Labor Law § 241 (6) (*see Sanatass v Consolidated Inv. Co., Inc.,* 10 NY3d 333, 337 [2008]; *Joblon v Solow,* 91 NY2d 457, 466 [1998]; *cf. Irizarry v State of New York,* 35 AD3d 665, 666 [2006]). Moreover, the plaintiff's failure to assert a specific, applicable provision of the Industrial Code other than in her affirmation in opposition to the defendants' summary judgment motion was not fatal to her Labor Law § 241 (6) cause of action (*see Dowd v City of New York,* 40 AD3d 908, 911 [2007]; *Latino v Nolan & Taylor-Howe Funeral Home,* 300 AD2d 631, 633-634 [2002]; *Kelleir v Supreme Indus. Park,* 293 AD2d 513, 513-514 [2002]; *Pasquarello v Citicorp/Quotron,* 251 AD2d 477 [1998]). Accordingly, the Supreme Court erred in granting that branch of Austin's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it.

Labor Law § 200 is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *Ferrero v Best Modular Homes, Inc.,* 33 AD3d 847, 850 [2006]). With respect to Austin, the plaintiff's theory of liability is that it was aware of the existence of energized electrical circuits in the area where the decedent was working. To establish liability for injuries resulting from a dangerous condition on the premises, the plaintiff must demonstrate that the owner or manager had control over the work site and actual or constructive notice of the dangerous condition (*see Payne v 100 Motor Parkway Assoc., LLC,* 45 AD3d 550, 553 [2007]; *Keating v Nanuet Bd. of Educ.,* 40 AD3d 706, 708 [2007]).

Here, in response to Austin's demonstration of its prima facie entitlement to judgment as a matter of law, the plaintiff raised a triable issue of fact as to whether Austin had notice of the dangerous condition that caused the accident. Accordingly, the Supreme Court erred in granting that branch of Austin's motion which was for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and for common-law negligence insofar as asserted against it. Fisher, J.P., Angiolillo, Balkin and Belen, JJ., concur. [*See* 2007 NY Slip Op 31903(U).]