(June 9, 2009)

■ Maximiliano Ariel Aguilera, Respondent, v Pistilli Construction & Development Corp. et al., Defendants, and Tex Development Co., LLC, Appellant. [882 NYS2d 148]—

In an action to recover damages for personal injuries, the defendant Tex Development Co., LLC, appeals from so much of an order of the Supreme Court, Queens County (Cullen, J.), dated February 8, 2008, as, upon reargument, adhered to an original determination in an order of the same court dated July 19, 2007, denying those branches of its motion which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law §§ 200 and 241 (6) insofar as asserted against it.

Ordered that the order dated February 8, 2008 is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to so much of the original determination in the order dated July 19, 2007, as denied that branch of the motion of the defendant Tex Development Co., LLC, which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it to the extent it is based on a violation of 12 NYCRR 23-1.7 (d) and substituting therefor

provisions, upon reargument, vacating that portion of the original determination and thereupon granting so much of that branch of the motion; as so modified, the order dated February 8, 2008 is affirmed insofar as appealed from, with costs to the plaintiff.

The defendant Tex Development Co., LLC (hereinafter Tex), owned a warehouse that it was converting into residential apartment units. Tex retained the defendant Pistilli Construction & Development Corp. (hereinafter Pistilli) to act as the general contractor for the conversion and renovation. Pistilli subcontracted with Faro Construction Group, Inc. (hereinafter Faro), to perform carpentry work on the building. The plaintiff was employed by Faro as a carpenter.

The plaintiff allegedly slipped on debris while walking down a staircase from the work site on the fourth floor to a lower level. The plaintiff commenced this action against Tex, Pistilli, and Faro, alleging causes of action based, inter alia, on common-law negligence and Labor Law §§ 200 and 241 (6). After granting Tex's motion for reargument, the Supreme Court adhered to its original determination denying those branches of its motion which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law §§ 200 and 241 (6) insofar as asserted against it. Tex appeals.

The Supreme Court properly denied those branches of Tex's motion which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law § 200. Labor Law § 200 codifies the common-law duty of an owner or contractor to provide employees with a safe place to work (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Peay v New York City School Constr. Auth., 35 AD3d 566, 567 [2006]; Paladino v Society of N.Y. Hosp., 307 AD2d 343, 344 [2003]). Where a plaintiff's injuries stem from a dangerous condition on the premises, "a property owner is liable under Labor Law § 200 when the owner created the dangerous condition causing an injury or when the owner failed to remedy a dangerous or defective condition of which he or she had actual or constructive notice" (Chowdhury v Rodriguez, 57 AD3d 121, 128 [2008]; Ortega v Puccia, 57 AD3d 54 [2008]; Smith v Cari, LLC, 50 AD3d 879, 880 [2008]). Here, a pile of debris allegedly constituted a defective condition on the premises. Tex failed to establish, prima facie, that it lacked constructive notice of the alleged defect (see Mikhaylo v Chechelnitskiy, 45 AD3d 821 [2007]; Keating v Nanuet Bd. of Educ., 40 AD3d 706, 709 [2007]). Since Tex failed to meet its prima facie burden with regard to those branches of its motion seeking to dismiss the

plaintiff's common-law negligence and Labor Law § 200 causes of action, the sufficiency of the opposition papers need not be addressed (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

The plaintiff's cause of action pursuant to Labor Law § 241 (6) is premised on violations of 12 NYCRR 23-1.7 (d), which concerns slipping hazards in a passageway, section 23-1.7 (e) (1) and (2), which include regulations regarding "tripping and other hazards," and section 23-1.7 (f), governing vertical passageways. Tex failed to establish its prima facie entitlement to judgment as a matter of law by demonstrating the inapplicability of 12 NYCRR 23-1.7 (e) (1) and (2) and (f) (*see Bopp v A.M. Rizzo Elec. Contrs., Inc.,* 19 AD3d 348, 350 [2005]; *cf. Castillo v Starrett City,* 4 AD3d 320, 322 [2004]).

However, Tex established prima facie that 12 NYCRR 23-1.7 (d) was inapplicable because the accumulation of debris on the stairwell did not constitute a "slippery condition" within the meaning of this code section (*see Salinas v Barney Skanska Constr. Co.,* 2 AD3d 619, 622 [2003]; *D'Acunti v New York City School Constr. Auth.,* 300 AD2d 107 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Tex's motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against it to the extent that it is based on 12 NYCRR 23-1.7 (d). Dillon, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.