■ MANUEL COLON, Respondent, v BET TORAH, INC., Appellant, et al., Defendant. [887 NYS2d 611]—

In an action to recover damages for personal injuries, the defendant Bet Torah, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered July 17, 2008, as denied those branches of its motion which were for summary judgment dismissing the plaintiff's common-law negligence and Labor Law § 200 causes of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was the employee of a subcontractor performing construction work on the premises of the defendant Bet Torah, Inc. (hereinafter the defendant). On June 21, 2005 the plaintiff allegedly was injured while carrying materials from one part of the site to another, when the cover of a grease pit he had stepped on became dislodged, causing him to fall into the pit and sustain injuries. He commenced this action, alleging in part that the defendant was negligent in permitting a dangerous condition to

exist on the premises. The defendant appeals from so much of the Supreme Court's order as denied those branches of its motion which were for summary judgment dismissing the plaintiff's common-law negligence and Labor Law § 200 causes of action insofar as asserted against it.

Labor Law § 200 is a codification of the common-law duty of an owner or contractor to provide employees with a safe place to work (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763 [2009]; *Chowdhury v Rodriguez*, 57 AD3d 121, 127-128 [2008]). When an accident arises from a dangerous condition on the premises, an owner may be held liable if it created the condition or failed to remedy it despite having actual or constructive knowledge of it (*see Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d at 763; *Fuchs v Austin Mall Assoc., LLC*, 62 AD3d 746, 747 [2009]; *Chowdhury v Rodriguez*, 57 AD3d at 128). Moreover, if a reasonable inspection would have disclosed the dangerous condition, the failure to make such an inspection constitutes negligence and may make the owner liable for injuries proximately caused by the condition (*see Lee v Bethel First Pentecostal Church of Am.*, 304 AD2d 798, 800 [2003]).

Here, there was no dispute that the defendant maintained control over that part of the premises where the injury allegedly occurred. By failing to submit any evidence regarding when it had last inspected the grease pit cover, or that the defect would not have been discovered upon a reasonable inspection, the defendant failed to establish that it lacked constructive notice of the alleged dangerous condition or that it was free of negligence with respect to it (*cf. Applegate v Long Is. Power Auth.*, 53 AD3d 515, 516 [2008]; *Curiale v Sharrotts Woods, Inc.*, 9 AD3d 473, 475 [2004]). Consequently, it failed to establish its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 200 and common-law negligence causes of action and those branches of the defendant's motion were properly denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Smith v New York City Hous. Auth.*, 52 AD3d 808, 808-809 [2008]; *cf. Baez v Jovin III, LLC*, 41 AD3d 751, 752 [2007]). Fisher, J.P., Covello, Angiolillo and Roman, JJ., concur.