■ PAUL ASTARITA, Respondent, v FLINTLOCK CONSTRUCTION SERVICES, LLC, Appellant-Respondent, and GILBANE AND CONSTRUCTION MANAGEMENT CORP. et al., Respondents-Appellants. [893 NYS2d 615]—

Labor Law § 200 codifies the common-law duty imposed on owners and contractors to provide a safe construction site for workers (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d 763, 764 [2009]; *Fuchs v Austin Mall Assoc., LLC*, 62 AD3d 746, 747 [2009]). " 'This provision applies to owners, contractors, and their agents' " (*Gasques v State of New York*, 59 AD3d 666, 667 [2009], quoting *Romang v Welsbach Elec. Corp.*, 47 AD3d 789, 789 [2008]). Where, as here, a plaintiff's injuries stem not from the manner in which the work was being performed but, rather,

from an alleged dangerous condition on the premises, an owner or contractor may be liable in common-law negligence and under Labor Law § 200 if it had control over the work site and actual or constructive notice of the dangerous condition (*see Bridges v Wyandanch Community Dev. Corp.*, 66 AD3d 938 [2009]; *Hirsch v Blake Hous., LLC*, 65 AD3d 570, 571 [2009]; *Aguilera v Pistilli Constr. & Dev. Corp.*, 63 AD3d at 764; *Fuchs v Austin Mall Assoc., LLC*, 62 AD3d at 747). The defendants failed to establish prima facie that they did not have control over the work site or actual or constructive notice of the alleged dangerous condition (*see Colon v Bet Torah, Inc.*, 66 AD3d 731 [2009]). Accordingly, the defendants were not entitled to summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action insofar as asserted against them.

Since the defendants Gilbane Construction Management Corp., Gilbane Building Company, and Gilbane, Inc., failed to establish, prima facie, that they were free from fault in the happening of the accident, they were not entitled to summary judgment dismissing the cross claims asserted by the defendant Flintlock Construction Services, LLC (hereinafter Flintlock), against them, or summary judgment on their cross claim against Flintlock for contractual indemnification (*see Hirsch v Blake Hous., LLC*, 65 AD3d 570, 571 [2009]; *Giangarra v Pav-Lak Contr., Inc.*, 55 AD3d 869, 870-871 [2008]). Rivera, J.P., Dillon, Belen and Roman, JJ., concur.