■ MICHAEL PASSARO, Appellant, v 163-15 NORTHERN FLUSH-
ING CORP. et al., Respondents. [892 NYS2d 912]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Parga, J.), entered August 19, 2008, as granted those branches of the separate motions of the defendant 163-15 Northern Flushing Corp. and the defendant Lorich Construction Management, LLC, which were for summary judgment dismissing the cause of action pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (e) (2), and (2) so much of a judgment of the same court entered October 10, 2008, as, upon the order, is in favor of the defendants and against him, dismissing the complaint. The notice of appeal from the order dated August 18, 2008, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law by demonstrating that the alleged violation of 12 NYCRR 23-1.7 (e) (2), which formed the basis for the plaintiff's Labor Law § 241 (6) cause of action, was inapplicable as he was not injured by a "sharp projection" (*Tucker v Tishman Constr. Corp. of N.Y.*, 36 AD3d 417, 417 [2007]; *Dalanna v City of New York*, 308 AD2d 400, 401 [2003]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *cf. Lenard v 1251 Ams. Assoc.*, 241 AD2d 391, 393 [1997]). In opposition, the plaintiff failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d at 324). Accordingly, the Supreme Court properly awarded summary judgment in favor of the defendants dismissing the cause of action pursuant to Labor Law § 241 (6) based on an alleged violation of 12 NYCRR 23-1.7 (e) (2). Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.