■ GAYNOR ARAGONA, Appellant, v STATE OF NEW YORK, Respondent. [905 NYS2d 237]—

In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Lack J.), dated September 21, 2009, which granted the defendant's motion for summary judgment dismissing the claim.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence claims and so much of the Labor Law § 241 (6) claim as was based upon an alleged violation of 12 NYCRR 23-1.7 (e) (1), and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The claimant alleged that the defendant contracted with Modern Continental Construction Co., Inc. (hereinafter Modern), to do construction work on the Wantagh Parkway Bridge over the Sloop Channel. The claimant was employed by Modern as a dock builder and allegedly was injured when he tripped on a padeye, which was welded to the deck of a work barge, as he was carrying materials along a corridor created by lumber and construction material. The claimant filed a claim against the defendant alleging violations of Labor Law §§ 200 and 241 (6) and common-law negligence. The Court of Claims granted the defendant's motion for summary judgment dismissing the claim. We modify.

The court erred in granting those branches of the defendant's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence claims. Labor Law § 200 codifies the common-law duty imposed upon an owner or contractor to maintain a safe construction site (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343 [1998]; *Colon v Bet Torah, Inc.*, 66 AD3d 731 [2009]; *Lane v Fratello Constr. Co.*, 52 AD3d 575 [2008]). Liability for a violation of Labor Law § 200 and common-law negligence may be imposed upon a property owner where, as here, the claimant's injuries arose not from the man-

ner in which the work was performed, but rather from an allegedly dangerous condition at the work site, when the owner had actual or constructive notice of the dangerous condition (*see Hirsch v Blake Hous., LLC*, 65 AD3d 570 [2009]; *Fuchs v Austin Mall Assoc., LLC*, 62 AD3d 746 [2009]; *Lane v Fratello Constr. Co.*, 52 AD3d 575 [2008]; *Keating v Nanuet Bd. of Educ.*, 40 AD3d 706 [2007]). The defendant failed to establish, prima facie, that it did not have actual or constructive notice of the allegedly hazardous condition which caused the claimant's accident (*see DeLiso v State of New York*, 69 AD3d 786 [2010]).

The Court of Claims also erred in granting that branch of the defendant's motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) claim as was based upon 12 NYCRR 23-1.7 (e) (1). "Labor Law § 241 (6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers . . . [i]n order to recover damages on a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards" (*Hricus v Aurora Contrs., Inc.*, 63 AD3d 1004, 1005 [2009] [internal quotation marks omitted]). Here, the defendant failed to demonstrate that 12 NYCRR 23-1.7 (e) (1) was inapplicable. The defendant failed to show the absence of triable issues of fact as to whether the claimant slipped in a passageway (*see Canning v RFD 82nd St.*, 285 AD2d 439 [2001]; *see also Bopp v A.M. Rizzo Elec. Contrs., Inc.*, 19 AD3d 348 [2005]; *Sergio v Benjolo N.V.*, 168 AD2d 235 [1990]), and whether the padeye was an integral part of the construction (*cf. O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805 [2006]).

However, the Court of Claims properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) claim as was based upon 12 NYCRR 23-1.7 (e) (2). The defendant satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law by demonstrating that 12 NYCRR 23-1.7 (e) (2) was inapplicable, as the padeye was not a sharp projection (*see Passaro v 163-15 N. Flushing Corp.*, 70 AD3d 795 [2010]; *Saccenti v City of New York*, 45 AD3d 665 [2007]; *Tucker v Tishman Constr. Corp. of N.Y.*, 36 AD3d 417 [2007]; *Dalanna v City of New York*, 308 AD2d 400 [2003]). In opposition, the claimant failed to raise a triable issue of fact.

The Court of Claims also properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) claim as was based upon 12 NYCRR 23-2.1. Although the provisions of 12 NYCRR

23-2.1 (a) contain specifications sufficiently concrete to sustain a Labor Law § 241 (6) claim, the Court of Claims correctly concluded that the provisions were not applicable to this case (*see Randazzo v Consolidated Edison Co. of N.Y.*, 271 AD2d 667 [2000]). In opposition to the defendant's prima facie showing on this issue, the claimant failed to raise a triable issue of fact as to whether materials were stored in a safe and orderly manner, or whether the piles of material were located so as to obstruct a passageway, walkway, or other thoroughfare. Dillon, J.P., Miller, Eng and Chambers, JJ., concur.