■ KONSTANTINOS GEORGAKOPOULOS et al., Appellants, v GREGORY SHIFRIN et al., Respondents, et al., Defendants. [920 NYS2d 383]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughan, J.), dated November 4, 2009, which granted the motion of the defendant Nerka, LLC, and the separate motion of the defendants Gregory Shifrin, Ella Shifrin, and GEB Management, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

To be held liable under Labor Law § 200 and for common-law negligence arising from the manner in which work is performed at a work site, a general contractor or owner must have "authority to supervise or control the performance of the work" (*Ortega v Puccia*, 57 AD3d 54, 61 [2008]; *see Chowdhury v Rodriguez*, 57 AD3d 121, 130 [2008]). Here, the defendant Nerka, LLC (hereinafter Nerka), satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it by demonstrating that it did not have the authority to supervise or control the manner by which the plaintiff Konstantinos Georgakopoulos performed his work

(*see Ortega v Puccia*, 57 AD3d at 63; *Haider v Davis*, 35 AD3d 363, 364 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Nerka also satisfied its prima facie burden of establishing its entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it. Nerka demonstrated that the alleged violation of Industrial Code (12 NYCRR) § 23-6.1 (d), which formed the basis of the plaintiffs' Labor Law § 241 (6) cause of action, was inapplicable as Konstantinos Georgakopoulos was injured while he was lifting a stone with his hands, rather than while using hoisting equipment (*see Toefer v Long Is. R.R.*, 4 NY3d 399, 409-410 [2005]; *Passaro v 163-15 N. Flushing Corp.*, 70 AD3d 795 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The defendants Gregory Shifrin, Ella Shifrin, and GEB Management, Inc., met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them and, in opposition, the plaintiffs failed to raise a triable issue of fact (*id.*).

Accordingly, the Supreme Court properly granted the motion of the defendant Nerka, and the separate motion of the defendants Gregory Shifrin, Ella Shifrin, GEB Management, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.