■ FRANK J. FANELLI, Appellant, v J.C. MILLBANK CONSTRUCTION COMPANY, INC., et al., Respondents, et al., Defendants. [937 NYS2d 114]—

On August 1, 2005, the plaintiff was working as a carpenter on a construction project at the Violet Avenue Elementary School in the Hyde Park School District in Poughkeepsie. The project involved, among other things, the renovation of a bathroom. The defendant J.C. Millbank Construction Company, Inc. (hereinafter Millbank), was the general contractor. The defendant JMOA Engineering, P.C. (hereinafter JMOA), was the *construction manager*. The defendant Pantel Contracting Corp. (hereinafter Pantel) was the prime contractor for electrical work, and the defendant Dutchess Mechanical, Inc. (hereinafter Dutchess), was the prime contractor for plumbing work. The plaintiff's employer, Paterson Construction Company, was retained as a subcontractor to install sheetrock. The plaintiff allegedly was injured while attempting to install a two-foot-by-eight-foot piece of sheetrock by himself near the ceiling of the

bathroom. After ascending an A-frame ladder with the sheet-rock, the plaintiff realized that the piece was too large, and he started to descend. The ladder allegedly wobbled, and the plaintiff fell, catching his foot in a hole that had been drilled in the floor. He alleged that construction debris on the floor had caused the ladder to be unsteady.

The plaintiff commenced this action to recover damages for his injuries, alleging common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6) against, among others, Millbank, JMOA, Pantel, and Dutchess. After issue was joined, the plaintiff moved for summary judgment on the issue of liability against various defendants. JMOA, Dutchess, and Pantel separately cross-moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the plaintiff's motion as to the causes of action alleging violations of the Labor Law, but did not address the cause of action alleging common-law negligence. In addition, the Supreme Court granted those branches of the cross motions which were for summary judgment dismissing the causes of action alleging violations of Labor Law § 241 (6) and, upon searching the record, awarded summary judgment to Millbank dismissing that cause of action insofar as asserted against it, even though it had not moved for relief. The Supreme Court also granted those branches of the cross motions of Pantel and Dutchess which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240 (1) insofar as asserted against them.

The Supreme Court correctly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against Millbank and JMOA. There were triable issues of fact as to whether those defendants' alleged violations of Labor Law § 240 (1) and § 241 (6) proximately caused the plaintiff's injuries (*see Reborchick v Broadway Mall Props., Inc.*, 10 AD3d 713, 714 [2004]; *cf. Ernest v Pleasantville Union Free School Dist.*, 28 AD3d 419 [2006]). For the same reason, however, Millbank and JMOA were not entitled to summary judgment dismissing the cause of action alleging violations of Labor Law § 241 (6) insofar as asserted against them (*see Gurung v Arnav Retirement Trust*, 79 AD3d 969, 970 [2010]).

The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 200 insofar as asserted against Millbank, JMOA, Pantel, and Dutchess. The

plaintiff failed to establish, prima facie, that Pantel and Dutchess violated that statute (*see Linkowski v City of New York*, 33 AD3d 971, 974 [2006]). In opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law as to Millbank and JMOA, those defendants raised a triable issue of fact as to whether they violated the statute and whether any such violation proximately caused the plaintiff's injuries (*cf. Martinez v City of New York*, 73 AD3d 993, 997-998 [2010]).

The Supreme Court properly granted those branches of the cross motions of Pantel and Dutchess which were for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against each of them. On their cross motions, Pantel and Dutchess established, prima facie, that they had not violated Labor Law § 200 and, in opposition, the plaintiff failed to raise a triable issue of fact (*see Ortiz v I.B.K. Enters., Inc.*, 85 AD3d 1139, 1140 [2011]; *Georgakopoulos v Shifrin*, 83 AD3d 659, 660 [2011]; *Rojas v Schwartz*, 74 AD3d 1046, 1047 [2010]).

The parties' contentions regarding the causes of action alleging common-law negligence as to Millbank, JMOA, Pantel, and Dutchess, are not properly before this Court. Since the Supreme Court did not address the branches of the motions relating to those causes of action, they remain pending and undecided (*see Young Chool Yoo v Rui Dong Wang*, 88 AD3d 991 [2011]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]). Angiolillo, J.P., Balkin, Dickerson and Hall, JJ., concur.