Rodriguez v Antillana & Metro Supermarket Corp. (2019 NY Slip Op 07714)





Rodriguez v Antillana & Metro Supermarket Corp.


2019 NY Slip Op 07714


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10119 301012/14

[*1] Randy Polanco Rodriguez, Plaintiff-Appellant,
v
Antillana & Metro Supermarket Corp., doing business as Antilla Superfood Supermarket, et al., Defendants-Respondents. 
 [And a Third-Party Action]


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Christopher J. Soverow of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Rebecca A. Barrett of counsel), for Antillana & Metro Supermarket Corp., respondent.
Black Marjieh & Sanford, LLP, Elmsford (Sheryl A. Sanford of counsel), for Boss Realty Company, LLC, respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about May 10, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on his Labor Law § 241(6) claim, granted defendant Boss Realty Company, LLC's (Boss) motion for summary judgment dismissing the complaint and any cross claims as against it, and granted defendant Antillana & Metro Supermarket Corp. d/b/a Antillana Superfood Supermarket's (Antillana) motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim as against it, unanimously modified, on the law, to deny defendant Antillana's motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim as against it, and otherwise affirmed, without costs.
Plaintiff alleges that he was injured while installing a refrigeration condenser unit at premises owned by Boss and leased by Antillana. We find that the motion court improperly granted Antillana's motion for summary judgment dismissing the Labor Law § 241(6) claim. Plaintiff was engaged in an activity within the purview of Labor Law § 241(6). Plaintiff worked at the subject premises during the build-out installing three refrigeration system condensers, which weighed about 3000 pounds and had to be moved with a forklift. Three weeks after the store was opened, plaintiff was asked to install an additional condenser which weighed about 200 pounds. The president of Antillana acknowledged that there had been a renovation project underway at the premises before plaintiff's accident.
We find that there is an issue of fact whether the subsequent installation of the condenser constituted an "alteration" of the premises, which falls within the ambit of "construction" work under Labor Law § 241(6) (see Fuchs v Austin Mall Assoc., LLC, 62 AD3d 746, 747 [2d Dept 2009]; Becker v ADN Design Corp., 51 AD3d 834 [2d Dept 2008]).
We also find triable issues of material fact as to whether Antillana violated 12 NYCRR 23-1.25(d), (e)(1), (e)(3), and (f), relied upon by plaintiff to support his Labor Law § 241(6) claim. However, the motion court properly dismissed the complaint as against Boss. The record demonstrates that Boss, an out-of-possession landlord, had no supervisory control over [*2]plaintiff's actions (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]) and it did not violate an applicable Industrial Code regulation.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK