Rodriguez v Antillana & Metro Supermarket Corp. (2020 NY Slip Op 00669)





Rodriguez v Antillana & Metro Supermarket Corp.


2020 NY Slip Op 00669


Decided on January 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2020

Manzanet-Daniels, J.P., Gische, Webber, Moulton, JJ.


10119 301012/14

[*1] Randy Polanco Rodriguez, Plaintiff-Appellant,
v
Antillana & Metro Supermarket Corp., doing business as Antilla Superfood Supermarket, et al., Defendants-Respondents. [And a Third-Party Action.]


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla (Rebecca A. Barrett of counsel), for Antillana & Metro Supermarket Corp., respondent.
Black Marjieh & Sanford, LLP, Elmsford (Sheryl A. Sanford of counsel), for Boss Realty Company, LLC, respondent.



Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered on or about May 10, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on his Labor Law § 241(6) claim, granted defendant Boss Realty Company, LLC's (Boss) motion for summary judgment dismissing the complaint and any cross claims as against it, and granted defendant Antillana & Metro Supermarket Corp. d/b/a Antillana Superfood Supermarket's (Antilla) motion for summary judgment dismissing plaintiff's Labor Law § 241(6) claim as against it, unanimously modified, on the law, to deny Antillana's and Boss's motions for summary judgment dismissing plaintiff's Labor Law § 241(6) claim, and otherwise affirmed, without costs.
Plaintiff alleges that he was injured while installing a refrigeration condenser unit at premises owned by Boss and leased by Antillana. We find that the motion court improperly granted defendants' motions for summary judgment dismissing the Labor Law § 241(6) claim. Plaintiff was engaged in an activity within the purview of Labor Law § 241(6). Plaintiff worked at the subject premises during the build-out installing three refrigeration system condensers, which weighed about 3000 pounds and had to be moved with a forklift. Three weeks after the store was opened, plaintiff was asked to install an additional condenser which weighed about 200 pounds. The president of Antillana acknowledged that there had been a renovation project underway at the premises before plaintiff's accident.
We find that there is an issue of fact whether the subsequent installation of the condenser constituted an "alteration" of the premises, which falls within the ambit of "construction" work under Labor Law § 241(6) (see Fuchs v Austin Mall Assoc., LLC, 62 AD3d 746, 747 [2d Dept 2009]; Becker v AND Design Corp., 51 AD3d 834 [2d Dept 2008]).
We also find triable issues of material fact as to whether Antillana violated 12 NYCRR 23-1.25(d), (e)(1), (e)(3), and (f), relied upon by plaintiff to support his Labor Law § 241(6) claim.
We have considered plaintiff's remaining contentions and find them unavailing.
The Decision and Order of this Court entered
herein on October 29, 2019 (176 AD3d 597
[1st Dept 2019]) is hereby recalled and vacated
(see M-8316 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 30, 2020
CLERK