Letterese v A&F Commercial Bldrs., L.L.C. (2020 NY Slip Op 01013)





Letterese v A&F Commercial Bldrs., L.L.C.


2020 NY Slip Op 01013


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Gische, J.P., Kapnick, Webber, Moulton, JJ.


11013 156434/14 595052/16

[*1] Nicholas Letterese, Plaintiff-Appellant,
v
A & F Commercial Builders, L.L.C., et al., Defendants-Respondents. [And a Third-Party Action.]


Kazmierczuk & McGrath, Forest Hills (Joseph Kazmierczuk of counsel), for appellant.
Gallo Vitucci Klar LLP, New York (Christopher L. Parisi of counsel), for A & F Commercial Builders, L.L.C., respondent.
Cullen & Dykman, Garden City (Nicholas M. Cardascia of counsel), for Sol Goldman Investments, LLC, respondent.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered August 16, 2018, which, to the extent appealed from as limited by the briefs, granted the motion of defendant A & F Commercial Builders, L.L.C. (A & F) for summary judgment dismissing the Labor Law §§ 241(6)200 and common-law negligence claims as against it, and granted the motion of defendant Sol Goldman Investments, LLC (Sol Goldman) for summary judgment dismissing the Labor Law § 241(6) claim as against it, unanimously affirmed, without costs.
Plaintiff's Labor Law § 241(6) was properly dismissed, since Industrial Code (12 NYCRR) § 23-1.7(e)(2) does not apply to the facts of this case. The affixed rebar dowel over which plaintiff fell was an integral part of the work being performed (see Thomas v Goldman Sachs Headquarters, LLC, 109 AD3d 421, 422 [1st Dept 2013]; Tucker v Tishman Constr. Corp. of N.Y., 36 AD3d 417 [1st Dept 2007]).
Plaintiff's Labor Law § 200 and common-law negligence claims as against A & F were also properly dismissed, since the condition that led to plaintiff's accident, a protruding rebar dowel that allegedly blended into the surrounding area, was created by the means and methods of the work of plaintiff's employer and its subcontractor (see O'Sullivan v IDI Constr. Co., Inc., 28 AD3d 225, 226 [1st Dept 2006], affd 7 NY3d 805 [2006]; McCormick v 257 W. Genesee, LLC, 78 AD3d 1581 [4th Dept 2010]). A & F did not exercise supervisory control over the work of plaintiff, plaintiff's employer, or its subcontractor, nor is there any evidence that it directed the contractors to cease using the orange rebar caps, upon the discovery that the caps were pulling off waterproofing when removed. That A & F was allegedly aware
that plaintiff's employer would cease using orange caps is insufficient to impart liability.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK