PDG Psychological, P.C. v State Farm Mut. Ins. Co. (2021 NY Slip Op
50719(U))

[*1]

PDG Psychological, P.C. v State Farm Mut. Ins. Co.

2021 NY Slip Op 50719(U) [72 Misc 3d 135(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2018-2050 Q C

PDG Psychological, P.C., as Assignee of
Glendon Steve Antoine, Respondent, 
against
State Farm Mutual Insurance Co., Appellant.

Rivkin Radler, LLP (Stuart M. Bodoff and Cheryl F. Korman of counsel), for appellant.
Law Office of David O'Connor, LLC (David O'Connor of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (John C.V.
Katsanos, J.), entered April 18, 2018. The order, insofar as appealed from and as limited by the
brief, failed to decide the branch of defendant's motion seeking to toll the accrual of no-fault
statutory interest.

ORDERED that the appeal is dismissed.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
to dismiss the complaint pursuant to CPLR 3126 and Uniform Rules for the New York City Civil
Court (22 NYCRR) § 208.17 (c), or, in the alternative, to strike the notice of trial, compel
plaintiff to provide complete responses to defendant's discovery demands and toll the accrual of
no-fault statutory interest. By order entered April 18, 2018, the Civil Court denied the branch of
defendant's motion seeking to dismiss the complaint, granted the branches seeking to strike the
notice of trial and compel discovery, and did not decide the branch seeking to toll the accrual of
no-fault statutory interest.
Defendant's appeal is limited by its brief to so much of the order as did not decide the branch
of its motion seeking to toll the accrual of no-fault statutory interest. "However, no appeal lies
from an order or portion thereof which fails to determine a motion or branch thereof (see Baez v First Liberty Ins. Corp., 95
AD3d 1250 [2012]). Thus, the branch of defendant's motion which was not addressed by the
Civil Court remains pending and undecided (see Fanelli v J.C. Millbank Constr. Co., Inc., 91 AD3d 703 [2012];
Katz v Katz, 68 AD2d 536, 542-543 [*2][1979])" (Quality Health Supply Corp. v Amica Mut.
Ins. Co., 65 Misc 3d 157[A], 2019 NY Slip Op 51969[U], *2 [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2019]). To the extent defendant, in a footnote in its brief, asks this
court to review a subsequent order which addressed this issue, neither that order nor the
underlying motion papers are in the record on appeal, and we decline the request without opining
as to whether any such order would be reviewable upon this appeal (cf. CPLR 5517;
Matter of Donato v Board of Educ. of Plainview, Old Bethpage Cent. School Dist., 286
AD2d 388 [2001]; Bronxborough Med.,
P.C. v Travelers Ins. Co., 16 Misc 3d 132[A], 2007 NY Slip Op 51485[U] [App Term,
2d Dept, 2d & 11th Jud Dists 2007]). In view of the foregoing, we reach no other issue.
Accordingly, the appeal is dismissed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021