Doctor Goldshteyn Chiropractic, P.C. v Empire Fire & Mar. Ins. Co. (2021 NY Slip
Op 50722(U))

[*1]

Doctor Goldshteyn Chiropractic, P.C. v Empire Fire & Mar. Ins.
Co.

2021 NY Slip Op 50722(U) [72 Misc 3d 135(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2019-1112 K C

Doctor Goldshteyn Chiropractic, P.C., as
Assignee of Auteri Fabio, Appellant, 
against
Empire Fire and Marine Ins. Co., Respondent.

Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for appellant.
McDonnell, Adels & Klestzick, PLLC (Christopher Stevens of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J.), entered June 13, 2019. The order, insofar as appealed from, denied plaintiff's
motion to vacate the administrative dismissal of the action and, upon such vacatur, for the entry
of a default judgment.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In or about October 2013, plaintiff commenced this action to recover, among other things,
the principal sum of $485.52 in assigned first-party no-fault benefits for injuries its assignor
sustained in a motor vehicle accident. In November 2013, a stipulation of discontinuance was
entered into whereby the parties agreed that, by December 16, 2013, defendant would pay
plaintiff the sum of $588.46, and, if defendant failed to do so, plaintiff, without notice, could
seek entry of a default judgment pursuant to CPLR 3215 (i). It is uncontroverted that, as of
December 16, 2013, defendant had only paid plaintiff the sum of $538.46. In August 2018,
plaintiff filed papers with the court clerk seeking the entry of a default judgment in the total sum
of $1,221.96. The filing was rejected because the action had been administratively dismissed.
Thereafter, in March 2019, plaintiff moved to vacate the dismissal and, upon such vacatur, for
the entry of a default judgment, arguing, among other things, that it was entitled to interest on the
original sum sought, plus costs and disbursements. Defendant opposed the motion. By order
dated June 13, 2019, the Civil Court denied the motion, but directed defendant to "pay the $50.00
difference between the payment made and the stipulation within 30 days." Plaintiff appeals from
so much of the order as denied its motion.
A default judgment can only be entered, pursuant to CPLR 3215 (i), in an action that is
pending (see David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY,
Book 7B, CPLR C3215:21 ["the statute assumes the pendency of an action"]). In the case at bar,
there is no indication in the record on appeal that defendant ever appeared in the action or
answered the complaint. Moreover, the stipulation was not filed with the Civil Court, as it
provided that it "may be filed with the Clerk of the Court without further notice only after
issuance of service by mail of the within payments" (emphasis added), and the full amount
due under the stipulation was concedely never paid. Therefore, it can reasonably be assumed that
the action was administratively dismissed due to plaintiff's failure to move for the entry of a
default judgment within one year after defendant's default in answering (see CPLR 3215
[c]).
"The language of CPLR 3215 (c) is not, in the first instance, discretionary, but mandatory
inasmuch as courts 'shall' dismiss claims (CPLR 3215 [c]) for which default judgments are not
sought within the requisite one year period, as those claims are then deemed abandoned"
(Giglio v NTIMP, Inc., 86 AD3d 301, 307-308 [2011]; see Myoung Ja Kim v
Wilson, 150 AD3d 1019, 1020 [2017]; HSBC Bank USA, N.A. v Grella, 145 AD3d
669, 671 [2016]). The failure to timely move for the entry of a default judgment, however, may
be excused upon a showing of sufficient cause which requires the plaintiff to demonstrate a
reasonable excuse for the delay and a potentially meritorious cause of action (see Myoung Ja
Kim v Wilson, 150 AD3d at 1020; HSBC Bank USA, N.A. v Grella, 145 AD3d at
671; Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764 [2015]). As plaintiff's motion
papers did not make a sufficient showing warranting the relief sought, we find that the Civil
Court did not improvidently exercise its discretion in denying plaintiff's motion to vacate the
dismissal of the complaint and, upon such vacatur, for the entry of a default judgment. We pass
on no other issue.
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., ELLIOT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021