Ceja v Posillico Civ., Inc. (2025 NY Slip Op 06892)

Ceja v Posillico Civ., Inc.

2025 NY Slip Op 06892

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, JJ. 

Index No. 158010/18|Appeal No. 5342|Case No. 2024-07053|

[*1]Jose Ceja, et al., Plaintiffs-Appellants,
vPosillico Civil, Inc., et al., Defendants-Respondents.

Bergamn, Bergman, Fields & Lamonsoff, LLP, Hicksville (Clifford D. Gabel of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered October 24, 2024, which denied plaintiffs' motion for partial summary judgment on their Labor Law §§ 241(6), 200, and common-law negligence claims, and granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny defendants' motion as to the Labor Law § 241(6) claim predicated on 12 NYCRR 23-1.7(e)(1) and (e)(2) as against defendant Consolidated Edison Company of New York, Inc., and otherwise affirmed, without costs.
Defendant Posillico Civil, Inc. established prima facie entitlement to summary judgment dismissing plaintiffs' Labor Law and common-law negligence claims against it through evidence that plaintiff worker was its special employee, and thus the exclusivity provisions of the Workers' Compensation Law applied to prelude plaintiffs' recovery against Posillico (see Grilikhes v International Tile & Stone Show Expos, 90 AD3d 480 [1st Dept 2011]). Posillico had been delegated authority from defendant Con Ed, the general contractor, to repair a gas line to a private residence. This arrangement between Con Ed and Posillico was memorialized in a Blanket Purchase Agreement. Posillico also entered into an agreement with nonparty Morley Mechanical, Inc. to utilize its laborers to work on gas line repairs. The evidence established that pursuant to that agreement Morley surrendered control over its workers and Posillico assumed supervision and control over the work of those laborers, including plaintiff, which established, as a matter of law, plaintiff's special employee status with Posillico (see Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557 [1991]; Carey v Toy Indus. Assn. TM, Inc., 216 AD3d 404, 406 [1st Dept 2023]). Plaintiffs' evidence in opposition, that Moreley paid plaintiff's wages and his Workers' Compensation insurance and benefits, failed to raise a triable issue on whether he was a special employee. Plaintiff's claim that he was an independent contractor who worked for Posillico, is undermined by the agreement between Morley and Posillico.
Plaintiff tripped and fell on a one-to-two-foot square piece of asphalt as he moved from a trench he was excavating to an equipment truck that Posillico owned. The truck had an air compressor that powered a jackhammer and blowpipe plaintiff used to excavate the area surrounding the compromised gas line. The facts support a finding that plaintiff's injuries were proximately caused by a tripping hazard caused by asphalt debris in the work area, and constituted a violation of 12 NYCRR 23-1.7(e)(2), which could serve as the predicate for plaintiff's Labor Law § 241(6) claim. To the extent defendants pointed to evidence that the asphalt debris was integral to plaintiff's excavation work, plaintiffs, in turn, pointed to evidence that Posillico's backhoe operator was responsible for depositing all excavation debris safely into either dump trucks or onto designated spoil piles. As such, triable issues exist as to whether the asphalt debris could have been mitigated by defendants without making the injury-producing work impossible to perform (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 321 [2024]; Maldonado v Hines 1045 Ave. of the Ams. Invs. LLC, 227 AD3d 502, 503 [1st Dept 2024]).
There are also triable issues as to whether the path on which plaintiff tripped between the trench and the truck constituted a passageway within the meaning of 12 NYCRR 23-1.7(e)(1), as the 10-foot by 30-foot barricaded workspace between the street and the residence limited plaintiff's movements, as did the air compression hose that powered the excavation tools he was operating (see Costabile v Dannon G. Douglas Co., 66 AD3d 436 [1st Dept 2009]; Canning v RFD 82nd St., 285 AD2d 439, 439 [2d Dept 2001]). However, as defendants did not challenge the applicability of 12 NYCRR 23-1.7(e)(2) to the facts, except to argue that the "integral to the work" defense applied to prelude plaintiffs' Labor Law § 241(6) claim, establishing a violation of Industrial Code § 23-1.7(e)(1), as a matter of law, was unnecessary.
Defendants established they were entitled to summary judgment dismissing plaintiffs' Labor Law § 200 claim through evidence that plaintiff's accident arose from the means and methods of the work in safely depositing the debris in spoil piles, and that Posillico alone controlled the means and methods of plaintiff's work. In opposition, plaintiffs failed to offer any evidence that Con Ed actually supervised and controlled the injury-producing work (see Brown v New York City Economic Dev. Corp., 234 AD2d 33, 33 [1st Dept 1996]; Lourenco v City of New York, 228 AD3d 577, 583 [1st Dept 2024]).
As to the common-law negligence claim, to the extent plaintiffs argued that defendants created an unsafe condition by the asphalt debris, no evidence was offered to show that Con Ed had actual or constructive notice of the debris. The evidence indicated that the hazard existed for 30 to 45 minutes before plaintiff's accident. The evidence reflected that Con Ed did not maintain regular workers at the project, and that it would inspect the project once a day.
We have considered the remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025